## GUSTAVUS C. PEARSON

### *v.*

## CHARLES BRADLEY.

SHERIFF'S SALES — *publication of notice under act of* 1857. The amendatory act of 1857, to chapter 57 of the revised statutes, was not intended to require notice of sale to be published for three *full* weeks from the first publication to the day of sale, but simply to secure three successive weekly publications of such notice.

WRIT OF ERROR to the Superior Court of Chicago.

This was a bill in chancery, filed by the defendant in error, Charles Bradley, in the court below, against the plaintiff in error, Gustavus C. Pearson, and one McManus, to set aside a sheriff's sale of certain premises, of which the complainant claimed the ownership, upon the ground that the notice of such sale was not published for three *full* weeks from the first publication to the day of the sale, as alleged is required by the amendatory act of 1857. The question, whether this sale was valid, is the only one presented by the record.

Mr. M. W. FULLER, for the plaintiff in error.

Messrs. WAITE & CLARKE, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The question in this case is, whether a sheriff's sale is valid where the advertisement, in a weekly newspaper, was made on the fourth, eleventh and eighteenth days of the month, for a sale upon the twentieth, an assignee of the judgment being the purchaser. The statute of 1857, Scates' Comp. 606, requires that, in addition to the posted notices, the sheriff shall cause a notice "to be published for three successive weeks, once in each week, in a newspaper." In the case at bar, three full weeks did not elapse between the date of the first insertion and the day of sale. Does the statute require this, or is it sufficient if there are three different insertions in as many weekly issues of the paper before the day of sale? It is manifest that the statute will bear either construction, and the best proof of this is the fact that, in the cases cited by the counsel of the respective parties, we find courts of high respectability differing on this question, in the construction of similar statutes. In *Garrett* v. *Moss*, 20 Ill. 554, where language like that of the statute was used in a chancery decree, and the advertisement was of the same character with the present, it was held sufficient, the court

remarking, that "while the intention of the court may have been to require three full weeks from the first publication to the day of sale, it was not required in terms by the decree." This decision was made immediately after the passage of the law under consideration, and what the court there said in regard to the requirements of a chancery decree, has probably been often applied, since, to the similar language of this act. We are, therefore, disinclined, where both constructions are open, to adopt that one which may tend to shake the stability of judicial sales, held in a manner which parties, under the former decision of this court, might reasonably suppose to be legal.

That the statute may receive either construction is clear. It is to be observed that it does not require three weeks' notice to be given, nor the notice to be published "for the space of" three weeks, which is the language employed in the law to which this is an amendment, requiring notices to be posted. It is true, as urged by counsel for the defendant in error, that the word "for," when applied to time, ordinarily means "during." But it is equally true that the legislature, if it had intended to require merely an insertion in three different weekly issues of a newspaper, prior to the day of sale, would naturally have used precisely the language they did use, while, if they had intended the first publication should be three full weeks before the sale, they would probably have employed terms more explicit and unmistakable. Another reason for not construing this law as requiring twenty-one days' notice before the sale is, that the act to which this is an amendment only requires twenty days' notice, and the evident object of the second act is, not to increase the length of the notice, but to secure its wider circulation, and the advertisement is required merely as an additional notice. Indeed, the law provides, if more than the usual rates are charged, the publication need not be made.

It may be further remarked that, as a matter of fact, the same publicity is secured by three different weekly insertions, although the first is not three full weeks before the sale, if the paper with the last insertion is issued in time for circulation before the day of sale, as was the case in the present instance. Weekly newspapers, indeed, so far as our observation extends, are always issued as early as the date they bear, and sometimes the day before.

We can not concur with the superior court in holding this sale invalid.

*Decree reversed.*