# United States Savings Institution

## *v.*

## J. F. Brockschmidt *et al.*

1. Removal of causes *from State to Federal courts.* A petition by a plaintiff to remove a cause from the State to the Federal court, which does not state that he was, at the time the suit was instituted, a citizen of a State other than the one in which the suit was brought, is defective, and does not entitle the party to the removal.

2. If a party desires the removal of a cause from a State to a Federal court, it is his duty to present his petition before the cause is reached for trial, and the court is under no obligation to delay a trial to enable him to prepare a petition for that purpose.

3. Practice—*dismissing suit where there is a plea of set-off.* It is a matter of discretion with the court, whether it will permit the plaintiff to dismiss his suit, where there is a plea of set-off, after the evidence is all heard, and before the jury retire.

Appeal from the Circuit Court of Washington county; the Hon. Amos Watts, Judge, presiding.

Mr. I. Miller, for the appellant.

Mr. William Winkleman, for the appellees.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant against appellees, in the circuit court of Washington county.

The cause was tried by a jury, and verdict rendered in favor of appellees. A motion for a new trial was overruled, and judgment entered upon the verdict.

Numerous errors have been assigned on the record, only a few of which seem to be relied upon by the counsel for appellant in the argument and brief furnished us.

Appellant filed a petition to remove the cause from the State to the Federal court. The petition was held to be insufficient. Leave was, however, given appellant to file a new petition, but before it was prepared and filed, the cause was called for trial.

It is urged that the court erred in holding the petition defective, and in proceeding to a trial of the cause before an amended one was filed.

The petition filed was clearly defective. It did not state, as required by the act of Congress, that the plaintiffs, at the time of the commencement of the suit, were citizens of a State other than the one in which the suit was brought. Other defects existed, which it is not necessary to consider, for the reason that this one is vital.

As to the other point, that the court proceeded to a trial of the cause before an amended petition was filed, we perceive no error in this. If appellant desired to remove the cause, it was its duty to present a petition before the cause was reached for trial. The court was under no legal obligation to delay a trial, to enable it to prepare a petition. The most that could be said is, it was a matter purely of discretion, which we will not review.

It is said by appellant, the court erred in proceeding to a trial of the cause, as replications were not filed to the pleas, and the issue was not made up. Upon an examination of the record, we find pleas No. 1, 2 and 3 were filed on April 14th, 1874. Appellant filed a demurrer to the third plea, which was overruled, and it abided by the demurrer. On the 15th of

April, by leave of the court, the declaration was amended. On the same date the pleas were re-filed to the amended declaration. The record also shows replication filed, on the 15th, to pleas 1 and 2. It, therefore, by the record, appears the issue was complete.

The next point relied upon by appellant is, the refusal of the court to permit it to dismiss the suit after the evidence had been introduced, and before the jury retired.

The act in regard to practice in courts of record, sec. 30, laws of 1872, page 343, provides, where a plea of set-off shall have been interposed, the plaintiff shall not be permitted to dismiss his suit without the consent of the defendant or leave of the court. The defendants had filed a plea of set-off, and they objected to appellant dismissing the suit. It was then a matter for the court to determine, in the exercise of a sound legal discretion, whether appellant should then dismiss the cause or be compelled to abide by the verdict the jury should return.

So far as we are able to determine, from the record, we fail to see wherein the court failed to exercise a wise and judicious discretion.

The court, no doubt, came to the conclusion, after hearing the whole case, that appellant did not have a legal or meritorious cause of action, and it would be of no benefit to it to have the cause dismissed, and it might work a great hardship to appellees, by being compelled, at a future day, to again defend against a claim devoid of legality or merits, and on this, after a careful examination of the record, we are not prepared to say the court erred.

The judgment will therefore be affirmed.

*Judgment affirmed.*