GEORGE P. AUGUSTINE ET AL. Impl'd, etc.

v.

SAMUEL DOUD.

1. PROOF OF SERVICE—CERTIFICATE OF CLERK.—It was insisted that the decree in this case was erroneous, because the record did not show that summons was ever served upon one of the defendants. *Held*, that the record showed nothing in respect to the return of the writ. The certificate of the clerk in the record, that the summons was returned, never having been served, constituted no part of the record. The clerk can certify only to what he finds upon the records and files in his office. If any return had been made on the writ he might have copied it into the record, but this he has failed to do.

2. FACT OF SERVICE FOUND BY THE DECREE—PRESUMPTION.—The decree rendered in the case, finding that the defendant was duly served with process at least ten days before the commencement of the term, it will be presumed from such finding, that evidence of the fact was heard and the party properly in court.

3. RE-SALE BY MASTER WITHOUT ORDER OF COURT—SALE NOT NECESSARILY VOID.—Although it is not the correct practice for the Master to re-sell the property without an order of court, on the failure of the purchaser to comply with the terms of sale, still, if the master does re-sell upon his own responsibility, it would not necessarily be sufficient ground to hold the second sale void.

4. DEFECTIVE NOTICE OF SALE.—The decree required the Master to give notice by publication, three successive weeks, and by posting up written or printed notices in three public places. No notices were in fact posted, and publication was made for only two weeks. *Held*, that the Master derives his authority from the decree alone, and must pursue it substantially, or his acts will be set aside. ·

5. DECREE FOR ATTORNEY'S FEES—NOT ALLOWED UNLESS CLAIMED IN THE BILL.—No allowance for attorney's fees can be made in the decree, even upon a default, when no claim is made therefor in the bill, even though the mortgage contained a provision for payment of attorney's fees in case of foreclosure, etc. A default admits nothing except what is properly pleaded. A defendant may choose to suffer default rather than incur the expense of a defense, but a complainant cannot be permitted, after a default, to prove against a defendant a claim, which, if asserted in the pleading, he might have chosen to defend.

6. DECREE IN VACATION—APPEAL AT SUBSEQUENT TERM.—Where an appeal was prayed at the same term at which the decree purports to have been rendered, though in fact the decree was subsequently signed in vacation, and the prayer for appeal remained undisposed of until the November

Augustine et al. v. Doud.

term following, the Court had the power to make an order allowing the appeal at the latter term.

7. PARTIES IN FORECLOSURE—SUBSEQUENT MORTGAGEE SHOULD BE MADE.—Where the record disclosed that a certain person had an interest as assignee of a subsequent mortgagee, it was error to render a decree of foreclosure without making him a party to the proceedings.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. E. SANFORD, for appellants; that an allowance of attorney's fees cannot be made where the bill claims none, cited Adams v. Payson, 11 Ill. 26.

That a foreclosure cannot be had of a portion of the mortgaged premises and not of the other: 21 Maine, 126; 1 Hilliard on Mortgages, 327.

If an answer discloses an interest in a third party, he must be made defendant: Herrington v. Hubbard, 1 Scam. 569; Prentice v. Kimball, 19 Ill. 320.

A default admits only that which is properly alleged in the bill: Cronan v. Frizell, 42 Ill. 319.

If an improper decree was entered, it will be reversed, although objections were not interposed: Strang v. Allen, 44 Ill. 428.

A defendant defaulted may except, bring error and insist that the averments do not justify the decree: Gault v. Hoagland, 25 Ill. 266; Moore v. Titman, 33 Ill. 358.

Messrs. NEEDHAM & MILLER, for appellee; that no replication need be filed to an answer which was nothing but a disclaimer, cited Spafford v. Manning, 2d Ed. Ch. 350.

That the court had no power to vacate a decree entered at a former term: Coursen v. Hixon, 78 Ill. 339; Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22.

That the appeal was not taken at the term at which it was rendered: Rev. Stat. § 67, "Practice Act;" Vance v. Schuyler, 4 Scam. 286; Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22.

SIBLEY, P. J.   In June, 1870, John Augustine and Oliver P. Augustine executed to Samuel and Leander L. Doud a

mortgage upon the East hf. of the N. E. qr. of Sec. 26, T. 32, N. R. 8, and the N. W. qr. of the S. E. qr. of Sec. 23, to secure the payment of $3,590, evidenced by four promissory notes. At that time Oliver P. owned the 40-acre tract, and John Augustine the 80. That after the execution of the mortgage John Augustine died intestate, leaving four children or their descendants surviving him. That Geo. P. Augustine, who was one of the heirs of John, purchased of Oliver P., another heir, a fourth interest in John's estate, and also the entire title to the 40-acre tract described in the mortgage; assuming, at the time of the purchase, the payment of the mortgage debt.

Soon after the execution of the notes and mortgage, Leander L. Doud assigned his interest in them to the appellee. Samuel Doud in March, 1876, brought suit by bill in chancery to foreclose this mortgage for a balance due upon two of the notes it was given to secure. By the original and amended bills filed in the cause, George P., and the heirs of John Augustine, Jacob H. Little, and the trustees of the Congregational Church of Braceville were made parties defendant, on the ground of having some interest in the mortgaged premises. Jacob H. Little was the only one that answered, and he set up the defense that George P. Augustine had executed to him a subsequent mortgage upon the land, to secure the payment of a large sum of money, but that he had assigned the mortgage and notes accompanying it to one E. A. Otis, of Chicago, who was at the time of the filing of the bill in this case the owner and possessor of them. In March, 1876, a short rule was taken on Geo. P. Augustine to answer the complainant's bill. The order recited that it appeared to the court he had been duly served with process at least ten days before the first day of the term. Failing to comply with the rule, the bill was taken as confessed against him.

At the November term of the court, 1876, a default was entered against all of the other defendants, and a decree of sale rendered. At the March term, 1877, on motion of Geo. P. Augustine and Jacob H. Little, the sale made under that order and the decree were both set aside and vacated. During the term the bill as amended was taken for confessed against

all of the defendants except Jacob H. Little, and another decree of sale entered.  A sale was made by the Master in Chancery under that decree, on the 9th of the succeeding June, to Wm. H. H. Augustine, who refused to comply with the terms of sale, and the Master re-advertised the property, and on July 7th, 1877, again sold the land to George Littlejohn.  The Master reported his proceedings at the November term of the court, 1877, when the appellants excepted to his report of sale in July, and moved the court to set it aside, and vacate the decree by which it was ordered.

The exception and motion of appellants were overruled by the court, and an appeal allowed and taken to this court, where quite a number of errors have been assigned for reversing the decision of Circuit Court.

But we do not, however, think it necessary to notice many of the irregularities that seem to have crept into the record, and shall therefore confine the investigation to what relates to the merits of the controversy.

1st.  It is argued by counsel that in rendering a personal decree against Geo. P. Augustine, the court committed an error, because it does not appear that the summons issued was ever served upon him.  That the record shows one only was issued, which was returned March 15, 1876, "never having been served."  There is a mistake of counsel, for the record shows nothing in respect to the return of the writ.  There is copied into the record what appears to be a statement of the clerk, that "the summons was returned on the 15th of March, 1876, never having been served."  But this constitutes no part of the record.  The clerk can certify only to what he finds upon the files and records remaining in his office, and he does not intimate that there is any record of the fact that the Sheriff never served the summons on Geo. P. Augustine.  How could he know what the sheriff had not done?  If any return had been made on the writ, he might have copied it into the record.  But this he has failed to do.  Any doubt that might arise upon the question, seems to be removed by the decree rendered November, 1876, which finds that Geo. P. Augustine was duly served with process by the sheriff of the county at

least ten days before the commencement of the term. From which finding, it must be presumed that evidence of that fact was heard, and the party properly in court. Moreover, Augustine voluntarily appeared at the following March term, and on his and Little's motion, the decree of November, 1876, and the sale made by virtue of it, were set aside and vacated. He also appeared in court by his attorney, when the decree appealed from was rendered, as is shown by the decree, and other proceedings there had.

2d. Was it proper for the Master, after he had made the sale in June to one of the defendants in the case, and the purchaser having failed to comply with the terms of sale, to re-sell the property without an order of the court disposing of the first sale? This, doubtless, was not the correct practice. 2 Daniels' Ch. Pl. & Pr. 1,463 ; Hill v. Hill, 58 Ill. 239.

Still, if the Master does re-sell upon his own responsibility, it would not necessarily be sufficient grounds to hold the second sale void. 3 Edw. Ch. 298; Marshall v. Neafee, 1 Green. Ch. 409; Dells v. Joseph, 33 Ill. 262.

The decree in this case required the Master to give notice by publication *for the space* of three successive weeks in the Morris Herald, and by posting up written or printed notices thereof in three of the most public places in the county.

The sale, which was excepted to, took place on the 7th of July, 1877, and the printer's certificate proves that the first publication was made on the 22d day of June. Did this constitute the space of three successive weeks, or twenty-one days' notice? The notice given covered the space of two weeks only, instead of three, as required by the decree, and would therefore seem insufficient, as was indicated in Pearson v. Bradley, 48 Ill. 250. The language used in the decree rendered in Garrott v. Moss, 20 Id. 249, was quite different from the wording of this. But it further appears from the certificate of evidence that the Master failed entirely to post up the additional notices required by the decree, either written or printed.

The Master derives his authority from the decree alone, and must pursue it substantially, or his acts will be set aside. Jacobus v. Smith, 14 Ill. 359; Kornes et al. v. Harper, 48 Id.

527. But as the decree ordering the sale was clearly erroneous, and must be reversed, the necessity of deciding whether the irregularities in respect to the sale were of that character to avoid it, is obviated.

There was no claim made in the bill for an allowance of attorney's fees, and it was therefore improper for the Court to assess $150 for that purpose against Geo. P. Augustine, in addition to the amount due upon the mortgage. It may be doubtful whether the clause in the mortgage which provides for adding to the judgment in case of sale, costs, taxes, etc., and also "attorney's fees," is sufficiently explicit to admit of any recovery if it had been claimed in the bill. Not having been claimed in the bill it is quite plain that the complainant was entitled to no such allowance, even upon a default. It is nevertheless urged by appellee that Augustine, being in default, therefore Doud had a right to recover anything which the mortgage provided for, whether claimed in the bill or not.

The mortgage provided for adding to the judgment any sum paid for taxes. Will it be contended, that if the mortgagees had paid the taxes for any number of years upon the premises, that the various sums so paid could in assessing the damages, be added to the amount due upon the mortgage without some allegation in the bill notifying the defendant of the fact of such payment, and the claim to be reimbursed? It is a well established rule that a defendant upon a default admits nothing except what is properly alleged in the pleadings against him. If when he has seen by the bill what was claimed he chooses to submit to it rather than incur the expense of making a defense, can it be permitted to the complainant after a default to prove up against him a claim, which if asserted in the pleading, he might have chosen to defend? In Adams v. Payson, 11 Ill. 26, where a claim for attorney's fees was proven upon a default, although there was an agreement in the case that solicitor's fees should be taxed against the defendant if the complainant had to foreclose the mortgage, yet there being no allegation in the bill claiming that any services were due, the court said the "principle forbidding it is so familiar, that authority in its support would be superfluous. * * No

claim for that fee is set up in the bill and the defendant had no opportunity to defend that claim."

It has not escaped our observation that appellee denies the right of appeal from the decree in this case, rendered at the March term, because it was not allowed until the following November. The appeal, it should be borne in mind, was prayed at the March term when the decree purports to have been rendered. Though it is said and not denied, that the reason no action was taken upon the prayer arose from the fact that the decree was not rendered at that term, but was afterwards signed in vacation. If such was actually the case it would have been a good reason for setting it aside. For we are not aware of any authority in the Circuit Judge to sign a decree in vacation, unless where the case is taken under advisement, according to sec. 47–332 of the revised laws of 1874, or by consent of the parties to the suit, including those in default as well as all others. The position assumed that the court after a case has been decided may direct the attorney to draw up a decree, and that it can be signed in vacation by the judge, while those objecting to the decision cannot appeal at that term because there is no decree to appeal from, and that any appeal taken from the decree rendered in vacation at a subsequent term would be of no avail, is not only a singular but an anomalous one. The court, it is said, declared the ground of its decision; the defendants prayed an appeal, but the court refused to allow it because there was no decree to appeal from. A decree was prepared and signed by the judge in vacation when there was no power to grant the prayer except by consent; then if it was too late at the next term to allow it, the right of appeal was entirely lost. This would be a construction of the law calculated to abridge one of the most important rights secured to every suitor.

Inasmuch as the prayer for an appeal was entered at the March term, and remained undisposed of, the court had the power to make the order allowing it at the next term.

Little complains that the property was not decreed to be sold in the order it ought to have been with respect to his right as subsequent incumbrancer. It is quite evident that he

is not in a condition to ask the court for any decision upon the question. For his answer shows that he had previous to the commencement of the suit assigned the mortgage and notes which he held to E. A. Otis, who was then the owner and possessor of them, and that he had no interest in the proceeding. Hence he has not been injured, and has no right to complain. It is urged that he is liable as endorser of the notes, and therefore is interested to see how much can be obtained out of the premises toward the extinguishment of the mortgage debt. It is a sufficient reply to say that in his answer he sets up no such claim, but merely disclaims any interest in the controversy, suggesting to the court that E. A. Otis is the real person interested and should be made a party to the suit. In this we think that he was right. According to the most correct rule of practice the complainant should, on the coming in of Little's answer, have amended his bill and made Otis a party defendant.

That all persons having an interest in the subject matter should be made parties to the suit is a familiar principle. Montgomery v. Brown et al. 2 Gilm. 581; Ellis v. Southwell, 29 Ill. 552; U. S. Savings Inst. v. Brockschmidt, 72 Ill. 370; Hart v. Wingart, 83 Ill. 282.

Although there may be some conflict of authority upon the subject, we are disposed to follow the practice suggested in the cases cited, and hold that Otis was an "indispensable party," and the court erred in disposing of the case in his absence, when the record showed that he was a subsequent mortgagee, having such an interest in the mortgage premises as required him to be made a party to the proceedings of foreclosure upon the prior lien.

For the reasons given the decree of the Circuit Court will be reversed and the cause remanded, with leave to the complainant to amend his bill.

Decree reversed.