CITY OF EAST ST. LOUIS

v.

CHARLES W. THOMAS.

1. DEFAULT—SETTING ASIDE.—The affidavit on motion to set aside the default, in this case wholly fails to show such a state of facts as would require the court, in the exercise of its discretion, to set aside the default.

2. SET-OFF—PLAINTIFF CANNOT TAKE NONSUIT.—After a defendant has filed a plea of set-off, the plaintiff cannot dismiss his action of its own accord.

3. RULE TO ANSWER SET-OFF.—A defendant is not required, upon filing a plea of set-off, to take a rule upon plaintiff to answer his plea.

APPEAL from the Circuit Court of St. Clair county. Opinion filed October 6, 1881.

City of E. St. Louis v. Thomas.

Mr. B. H. Canby, for appellant; that the motion to set aside the default should have been granted, cited Cook v. Wood, 24 Ill. 295; Murray v. Beckwith, 41 Ill. 391; Smith v. Wilson, 26 Ill. 186; Constantine v. Wells, 83 Ill. 192; Mason v. McNamara, 57 Ill. 274; Souerbry v. Fisher, 62 Ill. 135; Chicago v. Adams, 24 Ill. 492; Simmons v. Church, 31 Ia. 284; Harvey v. Wilson, 44 Ind. 231; Johnson v. Eldred, 13 Wis. 482; Adams v. Hickman, 43 Mo. 168; Holden v. Kirby, 21 Wis. 149.

Leave to answer after default should not be granted unless the party has a good defense upon the merits: Macomber v. The Mayor, 17 Abb. Pr. 35; Wilson v. Guthrie, Col. & C. R. (N. Y.) 477; Gwin v. Harris, 1 Smed. & M. 528; Graham v. Elwood, Harr. 265.

Upon a motion to set aside a default, counter affidavits should not be heard: Mendall v. Kimball, 85 Ill. 582; Granier v. Weir, 45 Cal. 53; Francis v. Cox, 33 Cal. 323; Hanford v. McNair, 2 Wend. 286.

Trial by a jury, in the absence of plaintiff, upon defendant's plea of set-off which was unanswered, was error: Seavey v. Rogers, 69 Ill. 534; Williams v. Brunton, 3 Gilm. 621; Peck v. Hubbard, 4 Bradwell, 566; Stephens on Pl. 109; Lindsay v. Stout, 59 Ill. 491.

Defendant should be required to take a rule upon plaintiff to answer his plea of set-off : Seavey v. Rogers, 69 Ill. 534; Peck v. Hubbard, 4 Bradwell, 566; Delano v. Bennett, 61 Ill. 83; Wright v. Howell, 24 Ia. 150; Rollins v. Coggshell, 29 Ia. 510.

Mr. A. S. Wilderman for appellee; that the affidavit is insufficient; it discloses nothing but an instance of oversight or negligence on the part of plaintiff's attorney, for which plaintiff must be held equally responsible, cited Kern v. Strasburger, 71 Ill. 413; Mendall v. Kimball, 85 Ill. 582; Owens v. Ramstead, 22 Ill. 161; Singer M'f'g Co. v. May, 86 Ill. 398; Clark v. Ewing, 93 Ill. 592; Theilman v. Berg, 73 Ill. 293; Keeley v. O'Brien, 66 Ill. 358.

The affidavit does not show that affiant had any knowledge of the facts which he expected to prove:  Heacock v. Herzer,

90 Ill. 543; Cowan v. Smith, 35 Ill. 416; Crossman v. Wohll-ben, 90 Ill. 537.

The law favors a plea of set-off: McCarthy v. New, 91 Ill. 127; U. S. Sav. Inst. v. Brockschmidt, 72 Ill. 370; Rev. Stat. Chap. 110, § 31.

The rules of court have the force of law and must be obeyed as such: Owens v. Raustead, 22 Ill. 161; Neiman v. Wintaker, 85 Ill. 468; Moir v. Hopkins, 21 Ill. 557; Linnemeyer v. Miller, 70 Ill. 244; Holloway v. Freeman, 22 Ill. 197.

PER CURIAM. We think the circuit court properly refused to set aside the default upon the affidavit filed by appellant. The affidavit does not show that appellant at any time called on the clerk of the court for the papers, or that he was in any way whatever misled by the defendant. The affidavit wholly fails to show such a state of facts as would require the court in the exercise of a reasonable discretion, to set aside the default and judgment. Appellee filed a plea of set-off. This plea is in the nature of a cross-action, and after being filed the plaintiff could not dismiss its action of its own accord. It could only do so by the consent of the defense, or it was a matter resting in the discretion of the court. Sec. 31, Ch. 110, Underwood Statute. The defendant, if he saw proper so to do, might have added a similiter to the plea. Gillespie v. Smith et al. 29 Ill. 473. The rule announced in Seavey v. Rogers, 69 Ill. 534, requiring that the defendant, after filing a plea of set-off, should take a rule upon the plaintiff to answer, etc., does not apply in this case because the statute is now quite different from what it was when the judgment in the circuit court in that case was entered, and because if the rule of that case was applied to the one now before us, it would allow the plaintiff to do precisely what it is prohibited from doing by said section 31. We see no error in the record in this cause, and the judgment of the circuit court is affirmed.

Judgment affirmed.