## EDGAR L. BUTLER

### v.

## WILLIAM RANDALL.

*Set-Off—Motion by Plaintiff to Dismiss Suit—Discretion—Exceptions to Report of Referees—Evidence—Practice.*

1. After a plea of set-off has been filed, it is within the discretion of the court whether to grant a motion by the plaintiff to dismiss the suit.

2. In an action of *assumpsit* to recover a balance claimed to be due for services rendered, in which the defendant interposed a plea of set-off, it is *held:* That the testimony of certain witnesses, and certain checks, notes, and a sworn copy of the footings of an account made by the plaintiff, were properly admitted by the referees; that the findings and conclusions of fact of the referees are entitled to the same consideration as the verdict of a jury; and that this court can not consider objections to the report of the referees, which were not made in the court below.

[Opinion filed January 7, 1888.]

In error from the Circuit Court of Warren County; the Hon. John J. Glenn, Judge, presiding.

Mr. John Porter, for plaintiff in error.

Mr. W. K. Stewart, for defendant in error.

Baker, J. Edgar L. Butler, plaintiff in error, brought *assumpsit* in the Warren Circuit Court against William Randall, defendant in error, to recover $471.14, claimed to be due for work and labor. Randall interposed the general issue and a plea of set-off, and filed therewith an account against Butler amounting to $51,917.39. Issues were formed and the causes by agreement of parties referred, under the provisions of the statute, to three referees, to report their conclusions of law and fact. At a subsequent term plaintiff in error sought to dismiss his suit, but the court refused to permit him so to do.

Afterward the referees made their report to the court, and filed with it the testimony taken and the exhibits and papers introduced in evidence. The conclusions reported by the referees were, that Butler was in the employment of Randall, at $50 per month, from November 8, 1878, to February 7, 1880, inclusive; that during that time the money he had and received to be paid out and expended for Randall, and his indebtedness to Randall, together, amounted to $38,176.05; that during that time he laid out and expended for Randall and earned as wages $31,550.95, and that there was due from him to Randall $6,625.10. Exceptions to the report were overruled by the court, and judgment rendered against Butler upon the award of the referees for $6,625.10 damages, and for costs.

The first error assigned upon the record is, that the court erred in not permitting the plaintiff to dismiss his suit on his motion. The plea of set-off was filed long before the motion to dismiss was made, and it does not appear there was any cause shown for allowing a dismissal, or that there was any abuse of the discretionary power of the court. Section 30 of

Practice Act of 1872; U. S. Savings Inst. v. Brockschmidt, 72 Ill. 370; City of East St. Louis v. Thomas, 102 Ill. 453; 9 Ill. App. 412. This assignment of error is not well made.

The second assignment of error is, that the court erred in overruling the exceptions on the part of plaintiff to the amended report of the referees. The exceptions were five in number, and the substance of them may be briefly stated and considered, *seriatim.* The first exception questions the propriety of the action of the referees in overruling plaintiff's motion of April 13, 1883. That motion was to strike from the record, and from all consideration as evidence, the testimony of J. C. Johnson, W. T. Smith and S. C. Irvine; also "Exhibit A" to the testimony of defendant Randall, and all evidence in regard to the nine notes shown in said exhibit; also "Exhibit E" to same testimony; also "Exhibit A" to testimony of William L. Snapp; also the testimony for defendant taken June 27, 1882; also the testimony for defendant taken August 18, 1882, and the exhibit attached thereto; also the testimony for defendant taken September 1, 1882, and the "statement" attached thereto; and also the evidence of James Tucker, George W. Stice and Thomas Hamilton.

No reason is suggested either in the motion submitted to the referees, in the exception filed in the Circuit Court, or in the brief and argument of plaintiff in error, why the testimony of Johnson, Smith and Irvine should have been stricken out, and we do not understand it to be any part of our duty to hunt for ground to justify us in holding it should have been done. "Exhibit A" to testimony of defendant consisted of nine promissory notes executed by defendant to third parties, and the evidence tended to show they were all given for borrowed money and that all the money so borrowed, with the exception of a portion of that raised on one or two of the notes, was turned over to plaintiff to be used in buying cattle and live stock for defendant, and in and about his business. These notes were competent testimony, when considered in connection with the oral evidence relating to them. "Exhibit E" consisted of thirteen checks on the bank in which defendant kept his deposits. Ten of these were signed by plaintiff

Butler v. Randall.

himself, in his capacity as agent of defendant, and the money was drawn by him on them from the bank; and it is not seriously urged they were not material testimony tending to charge him with the receipt of the moneys specified in them. The other three checks were signed by defendant, but he testified that, when he drew the cash on the check for $2,937.88, he handed over $2,900 of it to Butler, and also turned over to him $350 of the $353.64 check, and $500 of the $501.08 check, to be used in and about the business of the agency. The checks were competent in the light of the testimony of which they formed a part. The evidence of William L. Snapp was to the effect that plaintiff had exhibited to him an account consisting of seventeen pages and purporting to be a statement of the moneys he had paid out for defendant during the agency, the several pages of the account being footed up, and that he had taken a copy of these footings. "Exhibit A" to his testimony was this copy of the footings which he had made when the account was shown to him. The account itself would have been admissible as evidence against plaintiff, on the ground that it was an admission; and the exhibit was competent testimony as being a sworn copy. No objection is anywhere pointed out to the testimony, or any of it, taken on June 27, 1882, and we must assume the ruling it should not be stricken out, was correct. The admission in evidence of the F. M. Simmons notes, dated, respectively, October 18, 1879, and January 1, 1880, and the testimony in respect thereto taken August 18, 1882, worked no injury to plaintiff, as it clearly appears from "Exhibit A" to the report of the referees that they did not charge him with the proceeds of either of said notes, or any part thereof. Besides this, the testimony of defendant tended to prove plaintiff got a portion of the money borrowed on these notes, but was evidently regarded by the referees insufficient to establish that such was the fact. In the light of the surrounding circumstances, we are not prepared to hold the testimony taken September 1, 1882, and the accompanying "statement" were not admissible as tending to show a circumstance corroborative of the claim of defendant; and had plaintiff so desired he could have cross-examined

defendant upon the "statement." We do not regard the tes-
timony of Tucker, Stice and Hamilton as *incompetent on the
ground* that they contradicted plaintiff on an immaterial mat-
ter called out on cross-examination. The evidence showed
that plaintiff had refused to exhibit or deliver to defendant the
account books and papers which came to his hand and were
kept by him as agent for the latter, and that he afterward muti-
lated and destroyed the account books. When upon the wit-
ness stand in his own behalf he testified in explanation of his
conduct, that he had reason to believe and did believe from
the advice and opinions of others that Doctor Randall would
take advantage of him if he got the account books and papers
away from him. On cross-examination he named Tucker,
Stice and Hamilton as parties who had warned him against
Randall, and they were called to contradict him in this respect.
Our conclusion is, there was no manifest error in refusing to
sustain the first exception to the report.

The second and third exceptions to the report of the ref-
erees challenge the finding that Butler had received or was
accountable for $38,176.05.

The second exception is general in its terms. The third
specifies, by reference to a tabulated statement, amounts
objected to that aggregate $11,382.32. We have examined
the testimony reported by the referees and find there is evi-
dence to support each and all of the items of charge thus
specified. True the evidence is conflicting in regard to them;
but the referees, while performing the functions of a jury, are
the judges of the credibility of the witnesses and the weight
of evidence, and their findings and conclusions of fact are
entitled to the same consideration the verdict of a jury
receives. We are unable to say the testimony does not suffi-
ciently support the finding in question. It is further objected
that the last four items in the tabulated statement, amounting
in the aggregate to $37.80, are not in the account that was
filed with the plea of set-off. If this be so, then plaintiff
should have raised this objection in the Circuit Court, and
specified it in the exceptions. Had this been done, defendant
could readily have obtained leave to amend his account. An

objection on the ground stated, can not be heard in this court for the first time. St. L. Nat. Stock Yards v. Himrod, 88 Ill. 410.

The fourth exception to the report was to the finding that the total amount paid out by Butler for Randall, and the amount due the former for wages, aggregated $31,550.95. But it is not claimed by plaintiff in error in his brief and argument that the referees came to an incorrect conclusion in this regard. So we are saved the labor of an examination with reference thereto.

The fifth and last exception calls in question the finding that $6,625.10 was due from Butler to Randall.

No special point arises under this exception, as the conclusion announced by the finding follows from the findings already considered, by the simple process of subtraction.

A few other objections to the report of the referees are urged in the brief, and these we have not noticed, and for the reason that under the doctrine announced in St. L. Nat. Stock Yards v. Himrod & Co., *supra*, we are precluded from considering any objections to the report of the referees that were not made in the Circuit Court.

We find no sufficient cause for reversing the judgment, and it must be affirmed.

*Judgment affirmed.*