(*Superior Court of Cook County.   In Chancery.*)

## The American Trust & Savings Bank

### vs.

## Imperial Hotel Company.

(February 14, 1896.)

1. CONFLICT OF JURISDICTION BETWEEN COURTS OF CONCURRENT JURIS- DICTION.   In the case of conflicting jurisdiction, the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation and incidentally to take possession of or control over the subject matter of the suit. The court first invoked will not be interferred with by an- other court while the jurisdiction is retained.

2. LIS PENDENS—ALL INDISPENSABLE PARTIES.   A *lis pendens* to be of controlling force in the question of jurisdiction would neces- sarily have to cover all indispensable parties.

3. CONFLICT OF JURISDICTION—COMITY—COURT FIRST ACQUIRING SHOULD RETAIN.   Where a bill for a receiver was filed and thereafter other parties having notice of the pendency of such bill file a bill in another court on the following day for the ap- pointment of a receiver of the same property and the defend- ant consents to the appointment of a receiver in the second suit, comity does not require that the court should relinquish jurisdiction in the first proceeding where it was evident that the second bill was filed for the purpose of forestalling any ac- tion in the first proceeding.

Bill for receiver.   Heard before Judge Theodore Brentano. The facts are stated in the opinion.

*Richard Prendergast* and *H. S. Boutell,* for complainant.

*Chas. H. Aldrich* and *L. C. Collins,* for defendant.

BRENTANO, J.:—

I do not deem it necessary at this time to consider and pass upon the various propositions discussed by the eminent coun- sel for the Windermere Hotel Company, in the able and learned brief submitted on the motion before the court.

The main contention, it is admitted, is on the question of jurisdiction between this and the circuit court, and at the out- set I desire to say that it is the steadfast purpose of this court

to avoid impinging on the jurisdiction of a court of concurrent jurisdiction.

It seems to me, as argued by counsel, that the question of jurisdiction must be determined by the facts and circumstances in the case, and from these determine in the light of the law, which court first acquired jurisdiction for it is conceded that the court first acquiring jurisdiction of the subject matter will retain it and administer the trust estate.

It is conceded that the bill in the suit at bar was filed on January 8th, and that the intention to file it, was communicated to and known by the parties most nearly concerned in, and to be affected by, the contemplated action of the complainants.

On the same day there was filed what purports to be an appearance by the law firm of which Mr. Defrees is a member. . Of the effect of this appearance I will say no more than that it may be construed as an admission by him of knowledge that there was pending in this court a bill praying for the appointment of a receiver.

The affidavits also disclose that there was abundant ground to assume that complainant's application would be contested and resisted; and that for this reason notice was to be given and was given of the filing of this bill. Summons, however, was not issued under complainant's bill until January 15th.

On January 9th, (the day subsequent to the filing of this bill), Lyon filed his bill in the circuit court, summons at once issued and defendants were served on the same day, their appearance entered as also their consent to the appointment of a receiver; whereupon an order was entered appointing a receiver. A report of the receiver showing that the tenant in possession of the property had attorned to him was promptly filed, and as promptly confirmed, from which report it appears the Windermere Hotel Company made a lease for the term of ten years to the tenant in possession of the premises.

We have, therefore, a case where there was, at the time these orders were being entered in the circuit court for the

appointment of a receiver and in confirmation of his acts, a bill pending in this court which also asked for a receiver of the same property, and of which this court had jurisdiction and of which the complainants in the bill filed in the circuit court had notice.

From the records of the proceedings in the circuit court, on January 9, 1896, the conclusion is justified that the appointment of a receiver in that court was not discussed, but that the order appointing a receiver was consented to and was entirely perfunctory, so far as the Judge was concerned; that there was nothing in the proceedings before Judge Horton, advising him of the filing of the bill in this court, or that there were interested parties who might wish to be heard on the question of the appointment of a receiver under the bill in the circuit court.

The record discloses undue haste and percipitancy on the part of these defendants in rushing into the circuit court and there consenting to the appointment of a receiver, while they had notice of the pendency of this suit for a similar purpose; for, as was said by one of the eminent counsel on the argument, "both bills aim at possession of the same property." The same counsel argues that the circuit court has absolute jurisdiction on grounds of comity between courts of concurrent jurisdiction.

Conflicts between courts should ever be avoided and comity prevail, but it is a matter of grave doubt whether on the ground of comity alone, a court should relinquish jurisdiction and shrink from duties imposed upon it, where it finds that its jurisdiction is impinged upon. If this court concludes that it had acquired jurisdiction, it would be its duty to assert and maintain it, according to well-settled principles.

I think I am justified in thinking, from the affidavits and admissions made in court, that the proceedings in the circuit court were collusive and that the appointment of a receiver there, was procured for the purpose of forestalling any action by this court.

It seems to me, taking in consideration the fact that there

was collusion, that it may have some, if not controlling influence, upon the court in this case.

The eminent counsel for the Windermere Hotel Company, in his opening remarks, said that "mere consent to the appointment of a receiver in the circuit court, if in prejudice to complainants in this court, ought not to stand in the way of this court," which means, as I understand it, that if I find that this complainant was injuriously affected by the order of the circuit court that it would be the duty of this court to proceed to grant the prayer of this complainant and appoint a receiver.

It seems to me that the methods pursued by the parties to the circuit court litigation challenge the closest scrutiny and that the course there pursued can not persuade a court of equity to disregard the nature and effect of their acts. All there done was strictly in accordance with the forms of law, but will any one deny that it was not done for the purpose of forestalling the action of this court? Defendants proclaim that complainant can find ample protection by going into the circuit court and having the receivership extended over them and their claim. With equal force it is argued by complainants that defendants can have ample protection of their interests in the court whose aid was first invoked. In this case the doctrine of "*lis pendens*" has been invoked by defendants, but it would appear to me from an examination of the records in the above cases, that there was no "*lis pendens*" by reason of any proceedings in the circuit court, except against the parties served on January 9th, at the moment the American Trust & Savings Bank filed its application for a receiver in this court under the second mortgage. Service on the American Trust & Savings Bank in the circiut court suit was not made until January 20th, whereas the motion for a. receiver was made in this court on January 15th. Even if there was a "*lis pendens*" as to some other party, by reason of the circuit court proceedings, there certainly was none on January 15th against the second mortgagee, the American Trust & Savings Bank, complainant in this court.

A *"lis pendens"* to be of controlling force in the question of jurisdiction would necessarily have to cover all indispensable parties. That a second mortgagee should be made a party, see 2 Jones on Mortgages, sec. 1425, and that he is an indispensable party, see *Augustine v. Doud,* 1 Ill. App. 588.

As to the question of which court first acquired jurisdiction, I am satisfied to rest upon what Judge Blodgett said in *Union Trust Co. v. Rockford, R. I. & St. L. R. Co.,* 6 Biss. 197, and concurred in by Judge Drummond.

"It will hardly be necessary to cite authorities to show that it is, and has long been, the settled rule of law in all cases of conflict of jurisdiction, that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and incidentally to take the possession of or control the *res,* the subject-matter of the dispute, to the exclusion of all interference from other courts of co-ordinate jurisdiction.[1] The proper application of this rule does not require that the court which first takes jurisdiction of the case shall also first take, by its officers, possession of the thing in controversy, if tangible and susceptible of seizure, for such a rule would only lead to unseemly haste on the part of officers to get the manual possession of the property; and while the court first appealed to was investigating the rights of the respective parties, another court, acting with more haste, might, by a seizure of the property, make the first suit wholly unavailing. To avoid such a result, the broad rule is laid down that the court first invoked will not be interfered with by another court while the jurisdiction is retained." See also, *Gaylord v. Ft. W. M. & C. R. R.,* 6 Bissell, 286.

The question of jurisdiction out of the way, in my view of the law, if the allegations contained in this bill are true, the complainants would be entitled to have a receiver appointed, and in order to fully determine this, and to establish the re-

[1] *Bell v. Ohio, L. & T. Co.,* 1 Biss. 260; *Riggs v. Johnson County,* 6 Wall. 166; *Bill v. New Albany, etc. R. R.,* 2 Biss. 390; Abbott's U. S. Practice, 223, and cases cited.—Ed.

lationship of all parties to the subject-matter, there should be reference to a master to hear evidence and report the same with his conclusions. I am of the opinion that the bill contains sufficient allegations of fact to justify the court in ordering a reference.

And counsel for defendant seems to admit that if this court should conclude to assert jurisdiction in this matter, and not to direct complainants to seek relief before the other tribunal, that a reference would have more than ''academic interest,'' and in such an event, to submit to and invite the fullest disclosure of the affairs of the Windermere Hotel Company, and Mr. Defrees' relations thereto.

I am of the opinion that the proper thing to do at this time, in view of all that is before the court, is to order a reference of both motions, with directions to the master to hear evidence and report the same to the court.

An order of reference may be prepared.

NOTE. Upon the question of priority of jurisdiction between state and federal courts in case of conflict see *Rodgers v. Pitt*, 96 Fed. 668, where the authorities are reviewed.—Ed.