## Illinois Watch Company v. National Manufacturing and Importing Company, Insolvent, Charles H. Fuller, Assignee.

1. Voluntary Assignments — *Publication of Notice.*—Section 2, chapter 10a, R. S., entitled, "Assignments," providing that notice to creditors to present claims shall be given by publication in some newspaper published in the county, etc., and which publication shall continue at least six weeks, is met by a notice having been published for six successive weeks.

2. Same—*Sufficiency of Publication.*—A notice under section 2, chapter 10a, R. S., entitled "Assignments," published the first time on the day it is dated and being published "six successive weeks, to wit, six times," is the same as to say that it was published once in each week for six successive weeks, which is all the statute contemplates.

Proceedings in Voluntary Assignments.—Appeal from the County Court of Cook County; the Hon. Orrin H. Carter, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

J. Warren Pease, attorney for appellant, contended that the provisions of the statute relating to notice have not been complied with and no jurisdiction obtained of the creditor.

The acquirement of jurisdiction of a person is an act required to be performed in strict accordance with the statute conferring the right or it is null and void. Campbell v. McCahan, 41 Ill. 49; Hartung v. Hartung, 8 Brad. 159; Rietz v. People, 77 Ill. 518; McDermaid et al. v. Russell, 41 Ill. 490; Hogden v. Guttery, 58 Ill. 436; McDaniel v. Correll, 19 Ill. 226; Union National Bank v. Doane, 140 Ill. 196; Ward v. Durham, 134 Ill. 200.

Smith, Shedd & Underwood, attorneys for appellee, contended that the purpose of the notices is to give information on which creditors may act if they desire, and a creditor who receives actual notice by mail in apt time is not entitled to object to the notice by publication. Suppiger v. Seybt, 23 Ill. App. 468.

The publication of the notice was sufficient under the statute. Madden v. Cooper, 47 Ill. 359; Ricketts v. Hyde Park, 85 Ill. 110; Andrews v. People, 83 Ill. 529; Pearson v. Brodley, 48 Ill. 250; Knowlton v. Knowlton, 155 Ill. 158.

Mr. Justice Shepard delivered the opinion of the Court.

Section 2, Chap. 10a, Rev. Stat., entitled "Assignments for Benefit of Creditors," provides that notice to creditors to present claims, shall be given by the assignee, "by publication in some newspaper published in the county, if any, and if none, then in the nearest county thereto, which publication shall be continued at least six weeks," etc.

The notice in this case was published "for six successive weeks, to wit: Six times in the Chicago Daily Law Bulletin, a public daily newspaper, * * * and that the date of the first paper containing the same was the 24th day of April, A. D. 1895, and that the date of the last paper containing same was the 29th day of May, A. D. 1895," etc.

The notice bore date April 24, 1895, and was for creditors to present their claims within three months from that date.

The whole case turns upon whether the notice as so published was in compliance with the statute.

It is urged that the notice so published ceased at the end of five weeks and one day, and therefore was not in accordance with the statute; and that a further inference against the sufficiency of the publication is to be drawn from the fact that the publication was made in a daily paper.

The language of the statute is that the "publication shall be continued six weeks."

There are numerous decisions of the Supreme Court which, by analogy, should control us in holding the publication to have been a sufficient compliance with the statute. Knowlton v. Knowlton, 155 Ill. 158; Ricketts v. Hyde Park, 85 Ill. 110; Andrews v. People, 83 Ill. 529; Pearson v. Pearson, 48 Ill. 250; Madden v. Cooper, 47 Ill. 359.

The requirement that the publication shall be "continued

six weeks," is met by the notice having been published for six successive weeks.

The notice was published the first time on the day it was dated, and being published six successive weeks, to wit, six times, is the same as to say that it was published once in each week for six successive weeks, which is all that the statute contemplates.

So holding, seems to leave nothing else in the record that requires discussion, and the judgment of the County Court is affirmed.