## Frederick Menke v. A. M. Barnhart.

### Gen. No. 13,493.

1. SET-OFF—*when plaintiff may not dismiss where plea of, has been interposed.* A plaintiff cannot dismiss an action in which a plea of set-off has been interposed, or notice of set-off given, except upon the exercise by the court of the statutory discretion given, and then only upon cause shown. A sufficient cause is shown where it appears that the claim of set-off interposed was *res adjudicata* against the defendant.

2. SET-OFF—*how defense to, made basis of notice, may be made.*
A replication cannot be interposed to a notice of set-off; it can only
be made by evidence.

3. RES ADJUDICATA—*effect of decree in equity.* A decree in
equity determining the merits of a money demand is *res adjudicata*
with respect to such money demand, when made the basis of an
action at law.

Assumpsit. Error to the Superior Court of Cook county; the
Hon. BEN M. SMITH, Judge, presiding. Heard in this court at the
March term, 1907. Affirmed. Opinion filed November 11, 1907.

OSSIAN CAMERON and A. S. LAKEY, for plaintiff in
error.

MUSGRAVE, VROMAN & LEE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the
court.

The ground of the complaint by the plaintiff in er-
ror in this cause is that the trial judge in the Superior
Court, over objection and exception, allowed a motion
of the defendant in error, who had in that court sued
the plaintiff in error in *assumpsit,* to dismiss the suit,
thus carrying with it a claim in set-off made in the
case by proper notice by the defendant, the plaintiff
in error here. The general rule allows a plaintiff to
control the disposition of his case in this respect, but
the statute (section 30 of the Practice Act then in
force) provides that when a plea or notice of set-off
shall have been interposed, the plaintiff shall not be
permitted to dismiss his suit without the consent of
the defendant, or leave of court.

The Supreme Court has said that under this statute
permission to dismiss suit after plea of set-off filed is
in the discretion of the court, subject to review for
abuse. United States Savings Institution v. Brock-
schmidt, 72 Ill. 370. And the words "or leave of
court" imply that when plea or notice of set-off is
filed, leave of court to plaintiff to dismiss is not to be
given except for cause shown. City of East St. Louis
v. Thomas, 102 Ill. 453.

The question here therefore simply resolves itself into this: Was there in this case sufficient cause shown to warrant the court in its discretion to allow the dismissal? We think that there can be no doubt there was.

Menke had filed in the Circuit Court of Cook county a bill against Barnhart for an accounting and for a mechanic's lien upon certain premises. A decree was entered in that cause after hearing, which dismissed the bill for want of equity and especially found that there was no balance or sum due Menke from Barnhart. This decree was entered June 11, 1906.

After the bill had been filed by Menke against Barnhart in the Circuit Court, and Barnhart had appeared to it, Barnhart sued Menke at law in the Superior Court. Menke pleaded the general issue, and after the decree against him in the chancery suit before described filed a notice of claim in set-off, in which he declared under the common money counts that $2,786.53 had been due to him, of which $1,658.38 had been paid, leaving a balance of $1,127.07 still due. Still later he filed a bill of particulars as to the said claimed set-off, showing that it was the same claim which the evidence in the case afterward showed was the subject of the litigation in the chancery suit in the Circuit Court.

When this appeared, the trial judge allowed a motion of the plaintiff, Barnhart, to dismiss the suit, evidently holding that since the defense of a former adjudication to the claim in set-off had been proven, it was no abuse of discretion to allow the plaintiff to dismiss his suit and carry the alleged set-off with it. He was plainly right.

The plaintiff in error claims that the defense to the set-off should have been especially pleaded. Even had the set-off been put into the form of a plea instead of a notice, we do not think there would have been any question of pleading raised by the action of the trial

judge. It would have still been simply a question to be decided in his reasonable discretion whether the plaintiff should not be allowed to dismiss his suit notwithstanding the claimed set-off, inasmuch as the defense to the set-off, if properly pleaded, would be perfect. But in any event in this case the former adjudication could not have been pleaded by the plaintiff to the set-off, because the set-off was set up in a notice, and not by special plea. To meet it with evidence was the only course open to the plaintiff. Bailey v. The Valley National Bank, 127 Ill. 332; Sheldon v. Patterson, 55 Ill. 507-512.

The plaintiff in error further claims that a decree against him in a mechanic's lien suit should be no bar to an action at law by way of set-off or otherwise. This is manifestly incorrect. A decree in equity is as conclusive as a judgment at law as a bar to another action at law between the same parties upon the questions raised and decided. Stickney v. Goudy, 132 Ill. 213.

It is true that it does not necessarily follow that a decree denying a mechanic's lien shows that those questions have been decided which would be raised by a suit in *assumpsit* for the same amount; but the evidence and decree in the mechanic's lien suit introduced in evidence in this cause show that what was decided therein was that "there was no balance or sum due" from Barnhart to Menke. Whether there was such a "sum due" was exactly the question raised by the claim in set-off in the case at bar.

In view of the foregoing considerations we have not thought it worth our while to pass on the question raised by defendant in error whether in any event a question of the use of "reasonable discretion" can be raised on an incomplete record.

The judgment of the Superior Court is affirmed.

*Affirmed.*