## Case No. 5,284.

### GAYLORD et al. v. FT. WAYNE, M. & C. R. CO.

[6 Biss. 286.][1]

Circuit Court, D. Indiana. Feb., 1875.

CORPORATIONS—FORFEITURE OF FRANCHISE—PRACTICE—CONFLICT OF JURISDICTION—PRIORITY OF POSSESSION—AMENDMENTS—LIS PENDENS.

1. The court will not forfeit the franchise of a corporation on the application of individuals; the right belongs to the state alone.

[Cited in Hardon v. Newton, Case No. 6,-054.]

2. But if a bill prays for a receiver and general relief, the court will retain the bill for that purpose; a forfeiture of the franchise is not essential to the power of appointing a receiver.

3. The court which first takes jurisdiction of a controversy and the parties, is entitled to retain it to its final termination, and also to take possession of the res, subject of the controversy, exclusive of all interference from any other court of concurrent jurisdiction; and it is not essential that the court first taking jurisdiction of the controversy should also first take the actual possession of the res.

[Cited in Sharon v. Terry, 36 Fed. 357.]

[Cited in Texas Trunk R. Co. v. Lewis (Tex. Sup.) 16 S. W. 648; Sharon v. Sharon, 23 Pac. 1101; Smith v. Ford, 2 N. W. 159.]

4. If a receiver appointed by another court on bill filed pending this controversy, takes prior possession of the res, his possession is wrongful and should give way to the prior jurisdiction of this court.

5. The fact that the allegations of the bill were imperfect, and a demurrer was sustained, with leave to amend, does not change the fact of jurisdiction; as the amendments relate back to, and become part of, the original bill.

6. This doctrine does not apply to such a case.

[This was a bill in equity by Thomas G. Gaylord and others against the Ft. Wayne, Muncie & Cincinnati Railroad Company.]

McDonald & Butler and Hanna & Knefler, for complainants.

Coombs, Morris & Bell, for defendant.

Before DRUMMOND. Circuit Judge, and HOPKINS and BLODGETT, District Judges.

DRUMMOND, Circuit Judge. By the act of June 16, 1852, of this state [1 Rev. St. Ind. p. 242, § 16], it was provided that whenever a judgment was recovered against a corporation other than banking, and it remained unpaid for the space of a year after the rendition thereof, and execution was not stayed by appeal or supersedeas, the proper court should have power to declare the franchise of the corporation forfeited, and to appoint a receiver, who was to reduce the assets of such corporation to possession, and pay the debts of the same.

The plaintiffs in this case. having recovered a judgment against the defendant in this court in January, 1873, and the same remaining unpaid within the terms of the statute for more than a year, in April, 1874, filed a bill in this court asking for the forfeiture of the franchise of the corporation, and also that a receiver be appointed by the court, that he be ordered to reduce the assets of the corporation to possession, and use the same to pay its debts, and particularly the debts of the plaintiffs, and also asking for such other and further relief as would consist with equity and good conscience.

A demurrer to this bill was filed on the 6th of July, 1874. Upon the argument of the demurrer in December last, the court sustained the demurrer, and granted leave to the plaintiffs to amend their bill by the first day of January next following, the court being of opinion that it could not forfeit the franchise, that having been granted by the state, and that the state alone had the right to have the same forfeited; but the court stated, at the same time, that it would retain the bill and grant any equitable relief to which the parties were entitled; and, therefore, the bill was not dismissed, but leave given to amend. No controversy is made in this case but that the parties may have had a right to file a bill in the federal court, provided it was in the nature of a creditor's bill. The theory upon which the statute proceeds seems to be, that whenever a judgment is recovered, and remains unsatisfied for more than a year, no appeal or supersedeas being allowed, that of itself constitutes a legal insolvency of the corporation, and, authorizes an application for the relief named in the statute, namely, the appropriation of the assets of the corporation to the payment of its debts through a receiver. Therefore many of the allegations which are usually contained in a creditor's bill, and which have been considered necessary, are by the terms of this statute dispensed with; for example, the return of an execution nulla bona, before filing the bill.

In accordance with the permission given by the court on the 10th of December, when the demurrer was overruled, an amendment was filed to the bill on the 31st of December last. No question is made but that the bill as amended contains sufficient allegations upon which the court could grant equitable relief by the appointment of a receiver. Accordingly, on the application of the plaintiff, after this amendment was filed, a receiver was appointed, on the second day of January, 1875, who entered upon the performance of his duties, and took possession of the property of the defendant under the order made by the court. This possession was taken in a peaceable manner, without the use of any force; the parties who were in the actual possession at the time, upon the presentation of the order of the court, surrendering the property to the receiver of this court.

At the time the receiver was appointed by this court there was nothing in the pleadings

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

or on the files of the court to show that there had been a receiver appointed by another court to take charge of the property, or that any such receiver was in possession of the same; the fact being, however, that a receiver had been placed in possession of the property by the order of the Wayne circuit court prior to the appointment of the receiver by this court, and it being claimed that the possession was taken by the receiver of this court without consent or acquiescence of the receiver of the Wayne circuit court. The circuit court of Wayne county directed the arrest of the receiver appointed by this court for an illegal interference with its own order, and thereupon the receiver applied to this court at Indianapolis for a writ of habeas corpus, on which the receiver of this court was brought before it and a statement made of the facts in the case.

Inasmuch as it is conceded that the receiver appointed by this court was acting under an order duly made, and took peaceable possession of the property in pursuance of the order, no objection seems to be made by any of the counsel in this court to the discharge of the receiver from arrest; he is accordingly discharged. But the plaintiff in the suit in the circuit court of Wayne county has come before this court and alleged the filing of a bill of complaint, on the 10th day of November, 1874, and the appointment, on that day, of a receiver by that court and moves that the order made by this court appointing a receiver be rescinded, for the reason that there was a receiver of the state court then in possession of the property; and the question is whether this order should be rescinded, or should stand as an order properly made under the facts in the case.

It will be seen that the bill was first filed in this court. It was a bill asking the court to take possession of the property of the defendant, and to administer it for the benefit of its creditors. It is true that the bill asked, in addition to this, that the court should forfeit the franchise of the defendant; but the main object of the bill was to enable the plaintiffs to obtain payment, in whole or in part, of the judgment which they had obtained against the defendant. A declaration of forfeiture of the franchise would, of course, constitute no satisfaction of the claim which the plaintiffs had against it. The main purpose, therefore, of the bill was for the court by its receiver to take possession of the defendant's property. It is claimed this could not be done without a previous decree of forfeiture of the franchise. But the forfeiture of the franchise was only one of the prayers named in the bill, and which, so far as the plaintiffs were concerned, was immaterial. And it will be observed that the bill asks not only for the payment of their debt, but for the payment of the debts generally of the corporation, alleging that the assets of the corporation had become subject to the payment of its debts.

The demurrer was sustained on the ground that the allegations of the bill for the full relief asked on the part of the plaintiffs were defectively or imperfectly stated, not that there was no case made upon the bill, which, if properly stated, would entitle the plaintiffs to any relief. In other words, the court took jurisdiction of the controversy, although the allegations may be said to have been insufficient and imperfect.

The principle upon this subject is properly stated in the opinion of the circuit court of the Northern district of Illinois in the case of the Union Trust Co. v. Rockford, R. I. & St. L. R. Co. [Case No. 14,401], that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and incidentally to take the possession or control of the res, the subject matter of the controversy, to the exclusion of all interference from other courts of concurrent jurisdiction, and that the proper application of this principle does not require that the court which first takes jurisdiction of the controversy shall also first take the actual possession of the thing in controversy.

Then the question is as to the application of this rule or principle to the present case. It is insisted that, because the bill was amended, and, between the date of the filing of the bill and the amendment, another creditor instituted a suit in the state court and had a receiver appointed who took possession, therefore this court lost jurisdiction of the res, and could not permit the imperfect allegations to be amended, and thereby affect the assumed right of the state court over the res. The only question that arises in this aspect of the case is whether the federal court had jurisdiction; if it had, then the principle applies that no other court of concurrent jurisdiction could interfere with the res, which was the subject matter of controversy.

It is to be presumed that each court would equally protect the rights of the creditors of the defendant. But which court has first obtained jurisdiction, and has the right to call upon creditors to come before it for the protection of their rights? In deciding this question, we have to lay down a rule which would apply to both courts, state and federal; one by which we would be bound if the state court first obtained jurisdiction of the res, and by which the state courts should also be bound when the federal court has first obtained jurisdiction; and we are not prepared to hold that because the allegations in the bill are imperfectly stated, or because an amendment is made to the bill, that thereby the court loses jurisdiction of the subject matter. All amendments germane to the bill and allowed by the court, relate back to the time when the bill was filed, and are considered as incorporated into, and a part of, the original bill. And it cannot affect the question that the amendment asks that the re-

ceiver shall do something else, as by adopting a change in the manner of administering the assets. We think that there is no other safe rule to adopt, in our mixed system of state and federal jurisprudence, than to hold that the court which first obtains jurisdiction of the controversy, and thereby of the res, is entitled to retain it until the litigation is settled. Where a bill is filed, the object of which is to obtain payment of a judgment or of a debt out of the assets of the defendant, if the assets are withdrawn from the court by another court, of course the object of the bill can never be attained; there is really nothing about which there can be litigation. The continuance, therefore, of a suit, under such circumstances, would be useless. The only relief that the party could have would be to follow the property to the other court. Whether or not in a race among creditors against an insolvent party, where bills are filed in courts of concurrent jurisdiction, and a receiver asked to take possession of the property, the receiver who first obtains actual possession can hold it without regard to the time when the court took jurisdiction of the case, is a very serious question. It was held by the circuit court of the Northern district of Illinois, in the case already referred to, that it was not material that a receiver appointed by the state court had first taken actual possession of the property provided the federal court had the prior right to control the res. We think that decision was correct; otherwise in the case supposed, where a bill is filed in one of the courts, and an application made for the appointment of a receiver, and the case presented, argued and considered, and a receiver appointed, at any time before the receiver takes actual possession of the property another creditor can go into another court, make his application, have the appointment made, and the receiver take possession of the property. This would seem to be in violation of the principle which has been so often sanctioned by the decisions, that that court which first takes cognizance of the controversy, and, incidentally, of the res, has the right to proceed and terminate the litigation.

This being so, it becomes simply a question of jurisdiction, not a question whether or not the case of the plaintiffs is perfectly stated. Defects can be supplied and the jurisdiction of the court not affected. Suppose that, upon an application to a court of equity for relief by a creditor against an insolvent estate, an omission were made to state in the bill that an execution was issued and returned nulla bona; if the fact warranted it, that defect might be supplied, and it would not affect the right of the court to proceed and give relief; so with the omission of any other allegation not affecting the question of the jurisdiction of the court over the subject matter. Of course, in all that has been said, it is assumed, what was the fact in this case, that the bill was not only filed first in this court, but that the process was issued and duly served upon the parties, and that they were in court subject to its jurisdiction before any proceeding was instituted in the state court.

It is contended on the part of the counsel who ask that the court shall vacate the order made in this case, that this is like the case of lis pendens, and that the same principle applies as would apply there.

It is well known that the application of that principle proceeds no further than this; that, whenever, upon the face of the record, by the institution of a suit and service of process it is shown that property or rights are to be affected, no one can deal with the property or those rights except subject to the suit; and if, after a person deals with the property, amendments are made upon the record, which show that the particular property with which he has dealt is affected, when the original record did not, that he is not bound by virtue of lis pendens; because, having dealt in good faith with the property, and there appearing nothing upon the records of the court to prevent any third party from dealing with it, the record cannot be amended so as to affect his rights, and it is for the reason that he is not at the time judicially informed of anything to prevent his dealing with the property.

We hardly think that the principle should apply to the case of a receiver. It is simply a question what court shall control the assets of the defendant in this case, and distribute them among creditors. A receiver has no right of ownership in the property. He is not a purchaser in good faith for value. He is simply the officer of the court, and therefore no rights of creditors or of third parties in any way are affected by refusing to allow another court to interfere with the res, which is the subject of controversy in the case.

We think, therefore, upon the whole, as we have already said, that the only safe rule to follow, in our mixed system, is that the court which first takes control of the controversy, (even although it may be by an imperfect bill, so that it gives jurisdiction of the controversy, and thereby of the res,) is entitled to maintain it to the end, without being disturbed by any other court of concurrent jurisdiction.

We therefore overrule the application made to rescind the order appointing a receiver in this case.

In a subsequent case the above principles were re-argued before Judge Drummond, who adhered to the rulings in the foregoing opinion, as being satisfactory to himself and his colleagues.