NORTHWESTERN IRON COMPANY, Respondent, vs. LAND & RIVER IMPROVEMENT COMPANY and another, imp., Respondents, LEHIGH COAL & IRON COMPANY and others, Appellants.

*February 1 — March 10, 1896.*

*Jurisdiction: Priority: Equitable levy: Receivership of insolvent corporation: Receiver de facto.*

1. In an action for sequestration of the property of an insolvent corporation and the appointment of a receiver, a sufficient complaint was filed and served, and an order was made by the court and served on defendants, requiring them to show cause why a receiver should not be appointed, and forbidding interference with

488. SUPREME COURT OF WISCONSIN. [92

Northwestern Iron Co. vs. Land & River Improvement Co. and others.

the property of the corporation pending the motion. *Held,* that this was an equitable levy, which subjected the property completely and exclusively to the jurisdiction and control of that court, although there was no manual seizure by its officers; and the subsequent appointment of a receiver of the property by another court of co-ordinate jurisdiction was unauthorized and irregular and should have been vacated by it upon a proper showing.

2. Such appointment by the second court was not, however, void; and the receiver so appointed, having taken possession of the property, should be deemed a receiver *de facto,* and his lawful acts and contracts in respect thereto should be recognized as binding in the further administration of the assets, and he should receive just compensation for his services.

APPEALS from orders of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

The West Superior Iron & Steel Company is a Minnesota corporation, which owned and operated a large plant for the manufacture of iron and steel, and a large amount of real and personal estate, in Douglas county in this state. In March of the year 1894 it owed a large amount of debts and was insolvent. Creditors were pressing, and its property was being levied on and taken by attachments. The *Lehigh Coal & Iron Company* was one of its creditors, having two judgments for large amounts, upon which executions issued to Douglas county had been returned wholly unsatisfied. On March 28, 1894, the *Lehigh Coal & Iron Company* commenced an action, in the superior court of Douglas county, in the nature of a creditors' action, on behalf of itself and all other creditors of the West Superior Iron & Steel Company, against the West Superior Iron & Steel Company, the *Land & River Improvement Company,* James E. McGrath, as sheriff of Douglas county, the Central Trust Company, and *Robert Kelly,* creditors of the West Superior Iron & Steel Company, and others, stockholders in that corporation, asking for a sequestration of the property of the debtor corporation and the appointment of a receiver. On the 29th day of March, 1894, the superior court of Douglas county

made an order requiring the said defendants to show cause before that court, on the 23d day of April, 1894, in effect, why the said property should not be sequestrated and a receiver thereof appointed, and that in the meantime the defendants entirely refrain from all manner of interference with the property of the debtor corporation. This order was served upon all the principal defendants, prior to April 1, 1894. On April 18, 1894, the defendants the West Superior Iron & Steel Company, the *Land & River Improvement Company*, and some others, appeared and demurred to the complaint therein.

On April 19, 1894, the *Northwestern Iron Company* commenced an action, in the superior court of Milwaukee county, against the West Superior Iron & Steel Company, the *Land & River Improvement Company*, and James E. McGrath. These defendants were also defendants in the earlier action, which was pending in the superior court of Douglas county. On the same day of the service of the summons and complaint in this later action, the defendant the West Superior Iron & Steel Company served its unverified answer, thus waiving delay; and the superior court of Milwaukee county thereupon, on the same day, made an order by which it declared the West Superior Iron & Steel Company to be insolvent, and appointed *Robert Kelly* receiver of all its effects, both real and personal, and enjoined the *Lehigh Coal & Iron Company* and all other creditors of the insolvent corporation from taking any further proceedings or bringing any actions against it. *Kelly* took immediate possession of the assets. The appellants had no notice of these proceedings or order until long afterwards.

The proceedings in the Milwaukee superior court were afterwards so amended as to make the appellants the *Lehigh Coal & Iron Company* and *S. T. Norvell*, another creditor of the insolvent corporation, defendants therein, and the complaint was so amended as to be in the nature of a creditors' bill

in behalf of the *Northwestern Iron Company* and all other creditors of the West Superior Iron & Steel Company. The appellants answered in that action, setting up, among other things, the pendency of the action in the superior court of Douglas county, and the order made therein enjoining interference with the property of the debtor, and asking that the action be dismissed, and the receiver discharged, and the property held subject to the jurisdiction of the superior court of Douglas county, all of which was refused. On June 20, 1895, the complaint in this action in the superior court of Milwaukee county was held by this court not to state a cause of action.    90 Wis. 570.

The motion pending in the superior court of Douglas county, on the order to show cause, returnable April 23, 1894, had been submitted and held for decision until this time. The superior court, then, on June 21, 1895, made an order by which it appointed *Thomas G. Alvord* receiver of the property of the West Superior Iron & Steel Company. *Alvord* qualified by filing an approved bond, and at once took possession of the plant and property of the Iron & Steel Company, in the absence of *Robert Kelly*, and without resistance by the parties in charge. On the same day he served upon *Kelly* a copy of his appointment and bond, and notified him that he had taken possession of the property.

On June 22, 1895, two orders to show cause why the order which appointed *Robert Kelly* receiver and enjoined the creditors from further proceedings should not be vacated, issued by the superior court of Milwaukee county, one on the motion of the *Lehigh Coal & Iron Company* and one on the motion of *S. T. Norvell*, returnable July 1, 1895, were served. At the same time an order to show cause why *Thomas G. Alvord* should not be punished for contempt of the court, by his interference with the possession of the receiver *Robert Kelly*, made by the same court, and returnable on the same date, was served. July 1, 1895, the court over-

ruled, in both cases, the motions of the *Lehigh Coal & Iron Company* and of *S. T. Norvell* to vacate the order by which *Robert Kelly* had been appointed receiver. On their motions, the *Illinois Steel Company* was permitted to intervene, to show that it had made certain important contracts with *Mr. Kelly*, as receiver, which were not then completely executed, and to urge that the complete execution of these contracts be not disturbed by the vacation of the receivership. In the motion to punish *Alvord* for contempt, an order was made which adjudged *Alvord* to be in contempt and directed a writ of assistance to be issued to restore *Mr. Kelly* to possession of the plant and property. From each of these three orders an appeal is taken.

For the appellants there was a brief by *Ross, Dwyer & Hanitch*, attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *Louis Hanitch, F. A. Ross*, and *J. G. Flanders*. They argued, among other things, that the order to show cause issued by the superior court of Douglas county and its restraining order were in effect an equitable levy upon the property, and placed the property in the control of that court. *Bragg v. Gaynor*, 85 Wis. 468; *Heidritten v. Elizabeth Oil Cloth Co.* 112 U. S. 294; *Belmont N. Co. v. Columbia I. & S. Co.* 46 Fed. Rep. 336; *Tomlinson & W. Mfg. Co. v. Shatto*, 34 id. 380. The injunctional order contained in the order to show cause was a judicial process from the superior court of Douglas county. Beach, Injunctions, § 1. The order appointing the receiver by the Milwaukee court and directing the persons in control of the property to deliver the same to the receiver, was in effect a vacation and dissolution of the restraining order of the superior court of Douglas county. It restrained the proceedings in a court of co-ordinate jurisdiction. This was inadmissible. *Platto v. Deuster*, 22 Wis. 484; *Endter v. Lennon*, 46 id. 300. The order appointing the receiver by the superior court of Milwaukee county was therefore without

Northwestern Iron Co. vs. Land & River Improvement Co. and others.

jurisdiction and a nullity. *Orient Ins. Co. v. Sloan*, 70 Wis. 611; *Wood v. Lake*, 13 id. 85; *Stein v. Benedict*, 83 id. 610. And it is immaterial whether the Milwaukee court attempted to do this directly or indirectly. *Peck v. Jenness*, 7 How. 612.

For the respondents *Northwestern Iron Co.* and *Robert Kelly*, receiver, there was a brief by *John F. Harper;* for the respondent *Land & River Improvement Co.* there was a brief by *Miller, Noyes, Miller & Wahl;* for the respondent *Illinois Steel Co.* there was a brief by *Van Dyke & Van Dyke & Carter;* and the cause was argued orally by *Mr. Harper, Mr. Geo. P. Miller,* and *Mr. John C. Spooner.* They contended, *inter alia,* that the appellants *Lehigh Coal & Iron Co.* and *S. T. Norvell* acquiesced, for a period of nearly a year after they became parties to the action, in the maintenance of the receivership, and allowed rights of other creditors to accrue thereby; they themselves traded with the receiver as such, and recognized his capacity to deal with the receivership property. Under these circumstances they are estopped from denying the jurisdiction of the court to appoint the receiver. *Brown v. Lake Superior I. Co.* 134 U. S. 530; *Tyler v. Savage,* 143 id. 79, 97; *Hollins v. Brierfield C. & I. Co.* 150 id. 375, 380; Bigelow, Estoppel (5th ed.), 673; *Littlejohn v. Turner,* 73 Wis. 113; *Boynton F. Co. v. Sorensen,* 80 id. 594. The respondent *Kelly* was appointed receiver more than a year before the appellant *Alvord* was appointed. The time of appointment of receiver and not of the institution of suit is the test of priority between receiverships on creditors' bills. *Day v. Buckingham,* 87 Wis. 217, 221; 5 Thomp. Corp. § 6855; *Wilmer v. A. & R. A. L. R. Co.* 2 Woods, 409, 427; *East Tenn., V. & G. R. Co. v. A. & F. R. Co.* 49 Fed. Rep. 608; *Merchants' & P. Nat. Bank v. Masonic Hall,* 63 Ga. 549.

NEWMAN, J. The rule which governs these appeals is stated as follows: " The settled rule of law, in all cases of

conflict of jurisdiction, is that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and, as incidental to that jurisdiction, to take possession of and to control the *res*, the subject matter of the dispute, to the exclusion of all interference from other courts of co-ordinate jurisdiction. And the proper application of this rule does not require that the court which first takes jurisdiction of the case shall also first take, by its officers, possession of the thing in controversy, if tangible and susceptible of seizure. For such a rule would lead to unseemly haste on the part of officers to get the manual possession of the property, and, while the court first appealed to was investigating the rights of the respective parties, another court, acting with more haste, might, by a seizure of the property, make the first suit wholly unavailing." *Union Trust Co. v. R., R. I. & St. L. R. Co.* 6 Biss. 197; *Gaylord v. F. W., M. & C. R. Co.* 6 Biss. 286; 1 Abb. U. S. Prac. § 44; 12 Am. & Eng. Ency. of Law, 292, and cases cited in notes.

It cannot well be questioned that the proceedings in the superior court of Douglas county amounted to an assumption of jurisdiction of the controversy and of the parties. A sufficient complaint was filed and served. The order to show cause why a receiver should not be appointed, and forbidding interference with the assets of the insolvent corporation pending the motion, was a distinct assertion of jurisdiction of both the parties and the subject of the litigation. Neither the validity nor the regularity of any of those proceedings is questioned. The mere bringing of the suit subjected the property of the insolvent to the jurisdiction of the court, without manual seizure by its officers, and, at least with the order restraining interference with the assets, was an equitable levy, which subjected the property completely and exclusively to the control of that court. *Bragg v. Gaynor*, 85 Wis. 468. On April 18, 1894, the prin-

cipal defendant and others of the defendants appeared in the action and joined an issue of law therein, thus submitting themselves and the controversy completely to the jurisdiction of that court. Yet, as soon as the next day thereafter, on April 19, 1894, the principal defendant appeared voluntarily in the superior court of Milwaukee county, in an action begun that day, and filed its answer, by which, in effect, it confessed judgment; and on the same day the superior court of Milwaukee county, by its order, declared the principal defendant insolvent, and appointed a receiver of its assets, who at once qualified and took possession. All this transpired before the return day of the order to show cause, which was pending in the superior court of Douglas county, and while its restraining order was in force. It was done with the knowledge of at least the principal defendant, and with its active co-operation. Apparently, it was by collusion between the plaintiff and the principal defendant, and perhaps other defendants. It was consummated with marked and unusual haste. It was evidently in pursuance of a scheme to defeat and supplant the jurisdiction of the superior court of Douglas county. If such a scheme could succeed, it would subvert the rule, both in its spirit and purpose. But it cannot succeed. The jurisdiction of the superior court of Douglas county was exclusive of all interference by other courts. When this situation of the litigation became known to the superior court of Milwaukee county, it should have declined further to intermeddle. It should have withdrawn from further control of the controversy in favor of the superior, because earlier, jurisdiction of the superior court of Douglas county. It should have vacated its order whereby it had appointed a receiver of the assets of the principal defendant. · It should not have held the receiver appointed by the superior court of Douglas county to be in contempt for attempting to exercise the functions of his office.

Northwestern Iron Co. vs. Land & River Improvement Co. and others.

In connection with the application of this rule governing cases of conflicting jurisdiction, the term "jurisdiction" is not used in its absolute sense. It is a rule of comity and discretion. It does not operate so radically as to render the orders and proceedings of the superior court of Milwaukee county necessarily mere nullities. Its jurisdiction would have been perfect and unquestioned, but that it was anticipated and prevented by an earlier jurisdiction. It had jurisdiction, in a general sense, both of the parties and subject matter. Its orders are irregular, because in the circumstances unauthorized,— not void. The receiver should be deemed a receiver *de facto* at least. His lawful acts and contracts are to be recognized as binding in the further administration of the assets, and he should receive just compensation for his services. The further administration of the assets, and all accounting by the receiver, must be in the superior court of Douglas county. The delay of the superior court of Douglas county in making its jurisdiction effective is attributed to a sense of reluctance to precipitate an unseemly conflict, rather than to willingness to abandon its duty or to waive its jurisdiction.

*By the Court.*— The orders appealed from are each reversed, and the cause is remanded with directions to revoke the order by which it appointed a receiver for the West Superior Iron & Steel Company.

PINNEY, J., took no part.