## STATE *ex rel.* BAUMLE v. DISTRICT COURT OF TENTH JUDICIAL DISTRICT *et al.*

No. 5424. Opinion Filed October 13, 1915.

Rehearing Denied March 2, 1915.

(145 Pac. 563.)

**PROHIBITION—Right to Relief—Remedy at Law—Appointment of Receiver.** Where a receiver is appointed in a cause pending in the district court to take charge of certain property, and is also appointed in a cause pending in the superior court to take charge of the same property, the same being courts of co-ordinate jurisdiction, as a motion to vacate the order appointing the receiver in the cause pending in the district court will raise the question whether the court had jurisdiction to appoint the receiver, and if so, which of the two conflicting jurisdictions first attached, relator, plaintiff in the cause pending in the superior court, had a plain, adequate and complete remedy at law, and prohibition will not lie to compel the district judge to desist from proceeding in the premises.

(Syllabus by the Court.)

*Original Proceeding for Writ of Prohibition.*

Original proceeding for writ of prohibition by the state, on the relation of Louis Baumle, against the District Court of the Tenth Judicial District of the State of Oklahoma, sitting in and for Pottawatomie county, Charles B. Wilson, Jr., judge thereof, and another. Writ denied.

*Chas. E. Wells,* for relator.

*T. G. Cutlip* and *Geo. A. Outcelt,* for respondents.

TURNER, J.   This is an application for a writ of prohibition.   The record discloses that on February 21, 1912, the relator, Louis Baumle, brought suit in the superior court of Pottawatomie county against the Anchor Steam Bottling Works, a corporation, on a certain promissory note executed to him by defendant and to foreclose a chattel mortgage to secure the same; that on the same day he applied for the appointment of a receiver, which was, on March 2nd, done after notice.   On the same day summons was issued and, on February 26, 1912, was served on defendant.   After answer filed and issue joined by reply there was trial and, on April 21, 1912, a judgment was rendered and entered in favor of plaintiff for the amount of said note, with interest, and the chattel mortgage was foreclosed and the property sold to satisfy the debt.   No supersedeas bond was filed by defendant, and the time given so to do has expired.

On the same day said suit was filed Alice .McNary, Wm. Felshalb and S. H. Lester, alleging to sue on behalf of the defendant corporation, Anchor Steam Bottling Works, and for its use and benefit, filed their petition in the district court of said county against W. H. McNary, the relator Louis Baumle and Albertina Baumle, alleging, among other things, that said corporation was solvent and able to pay its debts, but was being mismanaged by one of its directors and contrary to the wishes of a majority of the board; that said note and chattel mortgage executed and sought to be foreclosed by Louis Baumle, as stated, was fraudulent and void, as was also a certain conveyance to him of certain real estate by said corporation; and they prayed for a receiver to take charge of the corporate property and an order restraining the lienholders from interfering with his possession until such time as it might be determined, among other things, whether those instruments were void.   On this application, on February 26, 1912, after

service of summons on defendants, but before answer and without notice to relator or Albertina Baumle, the court appointed one Fisher receiver, as prayed, who immediately gave bond and took charge of the property covered by relator's chattel mortgage, also the real estate set forth in the bill, which, at that time, the corporation was occupying as a tenant of relator. This cause was numbered 5339.

Thereafter plaintiffs filed an amended petition in said cause, which the court struck from the files as to all defendants except McNary, for the reason that the same stated a cause of action as to him only. On the same day a motion was heard, filed by relator, to vacate the appointment of the receiver, which was not passed upon, but said Fisher, "receiver heretofore appointed for said corporation, is continued in full force and effect and the property is ordered continued in the care and custody of the receiver," pursuant to the prayer of the bottling works, which said receiver thereafter qualified and gave bond and continued to remain in possession of relator's property, as stated.

On April 16, 1912, relator, as plaintiff, filed in the superior court of Pottawatomie county another suit, in which he made the Anchor Steam Bottling Works and Alexander Fisher, said receiver, parties defendant, who were brought into court and answered. Trial was had and judgment rendered in favor of relator, in which the court held that the bottling works was estopped to deny the validity of its deed conveying its real estate to relator and its promissory note and chattel mortgage, and that he was entitled to have his title to said real estate quieted, which was done. No supersedeas bond was filed in that case by defendants, and the time to do so has expired.

On April 16, 1912, said Fisher as receiver, presumably pursuant to the order of court appointing him, brought suit in the district court of Pottawatomie county, the object of

which seems to have been to set aside and hold for naught relator's said chattel mortgage. It is sufficient to say of this suit that the same was numbered 5382 and was consolidated with No. 5339 and proceeded as No. 5382; that, after amended petition filed, a demurrer was sustained thereto, whereupon the plaintiff stood upon his petition; his appeal was allowed, no supersedeas bond was required and nothing further was done to perfect said appeal. On July 24, 1913, came relator, Louis Baumle, and, in the causes thus consolidated and numbered 5382, filed a motion to require said Fisher, as receiver therein, to turn over to the sheriff of said county the property in his possession covered by relator's chattel mortgage, in order that the judgment of the superior court might be executed, and also to require the said receiver to deliver possession of said real estate pursuant to the judgment of the superior court aforesaid, clearing his title thereto. This motion was overruled on the ground that the cause had been dismissed as to said Baumle. It would be unprofitable to recite further from the record. It is sufficient to say that when on July 26, 1913, Alice McNary, one of the parties plaintiff in the first suit (No. 5339), filed in the district court her petition against the Anchor Steam Bottling Works, W. H. McNary, Louis Baumle and Albertina Baumle, the objects of which and of suit No. 5339 were identical, and prayed that said Fisher be reappointed by the court as receiver of the property already in his possession as receiver, until the controversy between the stockholders of the bottling works could be settled, this suit was brought and it is charged that, should the court reappoint him as prayed, it would exceed its jurisdiction, as it had already done in appointing him at all.

It is urged by relator that he is entitled to the writ because, he says, among other things, the bottling works was not a party to cause No. 5339 in the district court, and be-

sides there is no allegation in the petition which could authorize a court of equity to appoint a receiver under our statute, and for that and various other reasons, he says, said court was without jurisdiction to appoint Fisher as receiver. On the other hand, it is contended that if for any reason said court was without jurisdiction, or if for any reason said receiver should not have been appointed, relator could, in the consolidated cause, have raised the point by a motion to vacate the order appointing him and, in case of an adverse ruling, could have appealed to this court, or, in other words, that a motion to vacate was the proper procedure, and hence the relator had a plain, adequate and complete remedy at law. The point is well taken. The record discloses this to be a conflict of jurisdiction between the superior court and the district court of Pottawatomie county, two courts of co-ordinate jurisdiction. It is well settled that if two actions between the same parties, involving the same subject-matter, are brought in two such courts, the court that first acquires jurisdiction shall dispose of the case. In order to raise this question Baumle, or the receiver appointed in the case in the superior court to foreclose his chattel mortgage, should have gone into the district court in case No. 5339 and moved the court to vacate the order appointing the receiver in that case.

In *McCarthy v. Peake,* 9 Abb. Prac. (N. Y.) 164, the parties were partners. Peake, the defendant in the case, declared the partnership dissolved and, claiming the right under the copartnership of closing up the affairs of the firm, on September 14th went into the New York superior court and brought suit against McCarthy for the purpose of restraining him from interfering with the partnership property. On the same day he obtained a temporary injunction, which together with summons was served on McCarthy the next day about three o'clock in the afternoon.

On that day McCarthy commenced action in the case under comment against Peake for the same purpose and, without notice, obtained an injunction and an order for a receiver of the partnership property. Thereupon the receiver took possession and the same day about eight o'clock the injunction and order appointing the receiver were served on defendant Peake. In the latter action Peake came into court and moved for an order vacating the order of injunction and the order appointing a receiver and to stay plaintiff's action. The motion was sustained and the receiver discharged, the court holding, in effect, that his appointment was not void, although the court whose jurisdiction Peake had invoked had first acquired jurisdiction, and the court granted the motion on condition that Peake pay the receiver's expenses and compensation for services rendered. In passing, the court said:

"The subject of the action, viz., the partnership effects, and the parties, viz., the two partners, are the same in both actions, and under the decisions which have repeatedly been made in this court and the superior court, the court which first acquires jurisdiction of the case shall dispose of the whole matter; and after such jurisdiction is obtained, any other court in which subsequent proceedings are taken for the same purpose should, as well from feeling of amity, as from a desire to avoid a conflict of jurisdiction, restrain the further prosecution of the second action."

In *Northwestern Iron Co. v. Land, etc., Co.,* 92 Wis. 487, 66 N. W. 515, there was a sequestration of the property of an insolvent corporation and the appointment of a receiver. This was held to be an equitable levy and subjected the property to the control of the court appointing him, although there was no manual seizure by its officers. It was further held that the subsequent appointment of a receiver for the property by another court of co-ordinate jurisdiction, while unauthorized and irregular, was not void and that the appointment should have been vacated

upon motion therefor upon proper showing.   The court said:

"In connection with the application of this rule governing cases of conflicting jurisdiction, the term 'jurisdiction' is not used in its absolute sense.   It is a rule of comity and discretion.   It does not operate so radically as to render the orders and proceedings of the superior court of Milwaukee county necessarily mere nullities.   Its jurisdiction would have been perfect and unquestioned but that it was anticipated and prevented by an earlier jurisdiction.   It had jurisdiction in a general sense, both of the parties and the subject-matter.   Its orders are irregular, because of the circumstances unauthorized—not void.   The receiver should be deemed a receiver *de facto* at least.   His lawful acts and contracts are to be recognized as binding in the further administration of the assets, and he should receive just compensation for his services."

—and reversed the cause and remanded it with directions to revoke the order of the superior court of Milwaukee county appointing the receiver complained of.   See, also, *Gaylord v. Ft. W. M. & C. Ry. Co.*, 6 Biss. 286, Fed. Cas. No. 5284; *People, etc., v. Central City Bank*, 53 Barb. (N. Y.) 412, 23 Am. & Eng. Enc. of Law, p. 1112, and cases cited.

We are therefore of opinion that inasmuch as the district court had a right, in considering such motion, to pass upon the question of its jurisdiction to appoint Fisher as receiver, and also upon the question of which of the two conflicting jurisdictions first attached and should therefore prevail in the matter of the appointment of a receiver, relator thereby had a plain, adequate and complete remedy at law, and that a writ of prohibition, commanding the judge of the district court to desist as prayed, should not issue.   It is so ordered.

All the Justices concur.