## CROMWELL v. HAMILTON.

No. 10807—Opinion Filed Sept. 12, 1922.

(Syllabus.)

1. **Courts — Jurisdiction — Dissolution of Partnership.**

The superior and district courts of this state are courts of co-ordinate jurisdiction in suits for the dissolution of partnerships and for an accounting of the affairs of the partnership; and if two actions between the same parties involving such matters are brought into such courts, the court that first acquires jurisdiction shall dispose of the case.

2. **Judgment—Matters Concluded—Partnership Dissolution.**

In an action for the dissolution of a partnership and for an accounting, a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether same was pleaded or not.

**3. Same**

Held, in the instant case, that the judgment of the superior court of Tulsa county, the parties and the subject-matter being the same, constituted a bar to an action in the district court of Tulsa county, commenced by the same plaintiff and against the same defendant, and ordered that the judgment of the district court be reversed and the cause remanded with directions.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Harry Hamilton against W. A. Cromwell for dissolution of partnership. Motion to discharge receiver overruled, and defendant brings error. Reversed and remanded, with directions.

Smith & Walker, for plaintiff in error.

Denny & Allen and Poe & Lundy, for defendant in error.

JOHNSON, J. On the 12th day of July, 1919, Harry H. Hamilton, as plaintiff, commenced an action in the district court of Tulsa county, Okla., against W. A. Cromwell, as defendant, for the dissolution of a partnership and for an accounting between the plaintiff and defendant, as partners composing the partnership, of the partnership business from March 6, 1918, and for the appointment of a receiver to take charge of and operate said business under the order and direction of the court. Thereafter, on July 14, 1919, the court made an order appointing George T. Hull as receiver for said partnership, and directed that such receiver take charge of the business and affairs of the Mid-West Drug Company, located at 523 East Third street, Tulsa, Okla., and directed him to receive and collect the outstanding debts and effects of the parties hereto, and to carry on said business until the further order of the court.

On the 15th day of July, 1919, the defendant filed what he denominated a motion to revoke the appointment of the receiver and to discharge him. Which motion was heard by the court, and on the 21st day of July thereafter was taken under advisement; and thereafter, on the 30th day of July was overruled. From which order overruling said motion the defendant prosecutes this appeal.

The defendant's assignments of errors are as follows:

"First. The court below erred in overruling the motion of defendant to revoke the appointment of the receiver and discharge him.

"Second. The court erred in overruling the said motion upon the ground that the receiver was appointed without notice, there

being no fact alleged in the petition to warrant such summary action.

"Third. The court erred in overruling said motion, upon the ground that no bond was required or given by plaintiff to indemnify defendant, in case receivership should be wrongful.

"Fourth. The court erred in overruling said motion upon the ground that the district court was without jurisdiction, because of the existing pendency of the identical matters between the identical parties in the superior court of Tulsa county.

"Fifth. The court erred in overruling said motion on the ground that the identical subject-matter between the very same parties had been previously litigated in the superior court of Tulsa county, judgment rendered therein in favor of plaintiff, which was superseded by bond of defendant on appeal to this court, and this action was barred by said judgment.

"Sixth. For error of court in overruling said motion, on the ground that plaintiff's entire interest in the subject-matter of this action had been liquidated into an amount certain by judgment in a previous action between the same parties in the superior court, the amount of said judgment being secured by bond of plaintiff superseding said judgment pending appeal in said former action in this court, and plaintiff having on said bond a complete and speedy remedy at law to the whole extent of his said interest."

Counsel for defendant argue these assignments of error in their brief together, their contention being two-fold: (1) That the petition of the plaintiff was insufficient, and an order appointing the receiver was made without notice to the defendant; and (2) that the matters and things set forth in the petition had been adjudicated in the superior court of Tulsa county.

The defendant's 4th, 5th, and 6th assignments of error are closely related and will be considered together. And these assignments are embraced in the defendant's second proposition, "That the matters and things set forth in the petition had been adjudicated in the superior court of Tulsa county."

As hereinbefore stated, the plaintiff sued in this action alleging in substance a partnership between the parties. And that on the 6th day of March, 1918, the plaintiff had filed an action in the superior court of Tulsa county seeking a dissolution of the partnership, for an accounting of the partnership funds and for a judgment against the defendant for the amount found to be due the plaintiff on said date. And that a referee had been appointed in said action to hear the evidence in said cause and report his findings and conclusions, in which he found the

net interest of said business under the partnership agreement up to and including March 6, 1918; and that the plaintiff's interest was $1,921.47, and that the defendant's net interest was $1,226.19. And that the defendant had continued to operate said business since said date; and prays in the instant action that an accounting be had since said date and for the appointment of a receiver to take charge and operate said business pending this action.

And, as we have seen, the court appointed a receiver. And it was from an order of the court refusing to vacate the order appointing such receiver that this appeal is being prosecuted.

The record discloses that the referee found in the cause in the superior court that the partnership existed between the parties and that they conducted the business of partnership from the last day of October, or the first day of November, 1917, until the 5th day of March, 1918; that there had been no dissolution of partnership by agreement of parties or a settlement between them of the partnership affairs; that the business had been a prosperous business, and that the plaintiff's net interest in the partnership assets was $1,921.47, and that he was entitled to judgment for said amount, and that a decree should be entered dissolving the partnership. To which findings of the referee the defendant filed exceptions and a motion for new trial, all of which were overruled by the court. Whereupon the plaintiff filed his motion for the confirmation of the report of the referee, which, omitting the formal parts, is as follows:

"Now comes the plaintiff in this cause and moves the court to accept, approve and confirm the report of Honorable Harry Campbell, referee in this cause, and enter a judgment and decree adopting same and carrying into effect the findings of fact, conclusions of law, and recommendations therein contained, and unless parties to this suit agree, relative thereto, to assess the amount to be allowed to the auditor and reporter and to the Honorable Referee for services rendered in behalf of said referee."

The court accordingly rendered judgment ordering that the report of referee be confirmed, that the referee's findings of fact and conclusions of law be adopted by the court as the judgment of the court, and ordering and decreeing that the plaintiff have and recover of the defendant the said sum of $1,-921.47, and that each be adjudged to pay one-half of the costs incurred, which were taxed at $58.50.

The record further discloses that the defendant perfected an appeal in this court from the judgment of the superior court and gave a supersedeas bond superseding such judgment in the sum of $4,500, and that such appeal is now pending in this court.

Section 4459, Rev. Laws 1910, providing how and when a partnership may be dissolved, is as follows:

"A general partnership is dissolved as to all the partners:

"First. By lapse of the time prescribed by agreement for its duration;

"Second. By the expressed will of any partner, if there is no such agreement;

"Third. By the death of a partner;

"Fourth. By the transfer, to a person not a partner, of the interest of any partner in the partnership property;

"Fifth. By war, or the prohibition of commercial intercourse between the country in which one partner resides and that in which another resides; or,

"Sixth. By a judgment of dissolution."

In 30 Cyc. 658, in discussing the general rule as to when a partnership will be dissolved by judicial decree, it is said:

"While a court will not dissolve a firm because of trifling or temporary disputes of partners, yet, if their dissensions are so serious and persistent as to make the successful continuance of the firm impracticable, a dissolution will be decreed. * * * When a firm is dissolved by judicial decree, the date of dissolution is ordinarily the date of entering judgment therefor."

Applying the rules of law announced to the facts as disclosed by the record in the instant case, we conclude that the partnership was dissolved by the decree of the superior court of Tulsa county, as of date March 6, 1918, which was the date to which the referee took an accounting; and a judgment was rendered pursuant to the petition and prayer of the plaintiff, and granted the plaintiff full and complete relief against the defendant on account of the partnership. And by which judgment the plaintiff was conclusively bound, and it constituted a full and complete adjudication of all the partnership affairs, and the plaintiff's interest in the partnership was merged into his judgment against the defendant in the amount stated, and he thereby became the judgment creditor of the defendant in said sum. And when the defendant superseded such judgment by giving a statutory bond, as ordered by the trial court, the plaintiff was, in effect, concluded of the right sought to be availed of by him of going into the district court of Tulsa county and bringing his action for an additional accounting of the partnership busi-

ness after March 6, 1918; or pending the appeal, from filing supplementary proceedings in the cause in the superior court, as contended for by counsel for plaintiff in their brief, for the reason that the rights of the parties arising by virtue of their partneship relation were adjudicated in the superior court of Tulsa county, subject to review only on appeal. State ex rel. Baumle v. District Court, 47 Okla. 35, 145 Pac. 563; Pioneer T. & T. Co. v. State, 40 Okla. 417, 138 Pac. 1033; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162; Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099; Duncan et al. v. Deming Inv. Co., 54 Okla. 680, 154 Pac. 651; Williams v. Lane (Cal.) 109 Pac. 873.

We think that the defendant's motion to vacate the order appointing a receiver should have been sustained and the order vacated.

The judgment of the trial court is, therefore, reversed, and the cause remanded, with direction to further proceed in accordance with the views herein expressed.

KANE, MILLER, KENNAMER, and NICHOLSON, JJ., concur.