APPLETON WATERWORKS CO. et al. v. CENTRAL TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Seventh Circuit. March 31, 1899.)

No. 560.

1. FEDERAL AND STATE COURTS—JURISDICTION OVER PROPERTY—APPOINTMENT OF RECEIVER.

    The filing of a bill in a federal court against a corporation for the foreclosure of a mortgage on its property, and, as a necessary incident, the appointment of a receiver therefor, together with the entry thereon of an order by the court to show cause against the appointment of a receiver, and enjoining any transfer of the property, or any similar order tending towards possession of the property by the court, give the court jurisdiction over the mortgaged property, even before the service of process on

the corporation, of which it cannot be deprived by the appointment of a receiver by a state court in a suit, commenced subsequently, to which another corporation in actual possession of the property was not made a party.[1]

2. RECEIVERS—CONSTRUCTIVE POSSESSION OF PROPERTY.

Whether the appointment of a receiver for the property of a corporation vests him with constructive possession of property in the actual possession of an adverse claimant, depends on whether such claimant is a party to the suit, and his rights are subject to adjudication therein.

3. SAME—FORECLOSURE SUIT—PROPERTY IN POSSESSION OF ADVERSE CLAIMANT.

While a claim of paramount title adverse to the mortgagor cannot be tried in a suit to foreclose the mortgage, yet, where such claim rests upon a tax title subsequent to the mortgage, derived from an officer of the mortgagor, a corporation, who occupied such a fiduciary relation to the property that the acquisition of the title by him amounted to a payment of the tax, such relation alone renders the claim subject to inquiry and adjudication in the foreclosure suit; and an allegation and showing of such facts, without contradiction, are sufficient to authorize the court to appoint a receiver for the property, though in the possession of the claimant, which authority will be exercised where it is further alleged, and fairly appears from the showing made, that, through collusion with the mortgagor, the claimant, for the comparatively insignificant amount of the taxes, has obtained possession of the entire property and franchises of the mortgagor corporation, and is receiving the income therefrom.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

This was a suit in equity by the Central Trust Company of New York against the Appleton Waterworks Company for the foreclosure of a mortgage, and the appointment of a receiver. A supplemental bill was afterwards filed, making John M. Baer (as receiver of the Appleton Waterworks Company), the American Loan & Trust Company, the United Waterworks Company, and the New England Waterworks Company additional defendants; and an application was made for the extension of the receivership over such additional defendants. From an order granting such application, the defendants have appealed.

Geo. P. Miller and B. K. Miller, Jr., for appellants.

Lyman Barnes, for appellee.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

PER CURIAM. It is deemed unnecessary to add anything to the following statement of the case and opinion of the court below:

"On motion to reappoint a receiver, and extend receivership to cover the property and parties as set forth in amended and supplemental bill of complaint. The original bill was filed in this court July 16, 1898, against the defendant Appleton Waterworks Company, for the foreclosure of a mortgage made by that company to secure bonds for the principal sum of $200,000; and on the same day the subpœna issued, with an injunctional clause, and an order of this court was entered to show cause why a receiver should not be appointed. On July 18, 1898, service of the subpœna and order was attempted by serving upon one J. A. Hawes, who was in charge of the waterworks office and plant, but who asserted, and now states in an affidavit, that he was not at such date an officer of the Appleton Waterworks Company, or holding any relation there-

---

[1] For jurisdiction, as affected by possession of subject-matter of controversy, see note to Adams v. Trust Co., 15 C. C. A. 6, and note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.

to, having ceased such relation some time theretofore; and the service was not in fact perfected until July 28, 1898, when the proper officer of the defendant was discovered and served. An order was entered by this court, on return of the attempted service, on July 25, 1898, appointing Herman Erb receiver; and he qualified as such, but, for reasons subsequently appearing has taken no possession of the property in question. An amended and supplemental bill was filed by leave of court August 15, 1898, from which it appears, among other matters, that between July 18th, when the first service was attempted, but not perfected, and July 28th, when legal service was completed, namely, on July 25, 1898, an order was entered in the circuit court for Outagamie county in accordance with section 3216, Rev. St. Wis., upon a judgment at law entered the same day by consent against Appleton Waterworks Company, and execution returned unsatisfied, sequestrating 'the stock, property, things in action, and effects of such corporation,' and appointing as receiver thereupon the defendant John M. Baer. Collusion is alleged on the part of. the defendants in the institution of said proceedings to interfere with the proceedings in this court, and the said receiver is made a party defendant by leave of the circuit court of Outagamie county. The bill further alleges that the mortgaged property, being the entire plant of the Waterworks Company, is now in the ostensible possession of the defendant New England Water-Works Company, through tax deeds and proceedings collusively obtained, through the defendant Venner, who was president of each company, and became the owner of the tax certificates when president of the mortgagor company.

"SEAMAN, District Judge. The argument in opposition to an order extending the receivership to reach the parties and possession, set up in the amended and supplemental bill, is mainly directed to the proposition that this court is without jurisdiction over the res, because the proceedings in the circuit court for Outagamie county were prior in fact to the time when legal service of the process of this court was completed, and by the order of sequestration and the appointment of a receiver that court acquired exclusive jurisdiction over the property in controversy. The action in this court for foreclosure of the mortgage is essentially one in rem; and it is undoubted that jurisdiction was invoked and duly exercised on July 16, 1898, at the filing of the bill, to the extent of issuing the injunction against transfers, and the order to show cause why a receiver should not be appointed. The injunction became so far operative that any violation by one having actual notice of the order would be punishable, although there had been no personal service of the order, and he was not even a party to the action. Ex parte Lennon, 166 U. S. 548, 554, 17 Sup. Ct. 658. Decisions at the circuit are cited upon one side and the other in which eminent judges appear at variance as to a test of priority applicable to all actions of this nature, or at what precise stage the equitable lien upon the res may be taken as established. Although the date of actual service of the subpoena was adopted as fixing the jurisdiction in Bell v. Trust Co., 1 Biss. 260, Fed. Cas. No. 1,260, and in Union Mut. Life Ins. Co. v. University of Chicago, 6 Fed. 443, it is very clear that such test cannot be made of universal application, as many cases arise in which the res must be taken into the possession of the court before the parties can be reached by service, actual or constructive. Whilst the fact of such service, unless there is an appearance, is, of course, indispensable to any final action or decree, it is well settled that judicial cognizance may be taken, before the defendants are served, to enter any preliminary order which may appear necessary to preserve property or the rights of parties, including the appointment of a receiver in extreme cases. The filing of the bill alone, without any order by the court, which seems to have approval in some of the cases as the test, is equally open to objections as one of general rule; nor can it be said that the weight of authority establishes a test which may be applied to all cases. I am of opinion that the true inquiry is one of actual cognizance by the court, and that the entry of an order upon the filing of the bill for any purpose involved in the action, and especially one tending to possession by the court of the res, is sufficient for jurisdiction to attach without awaiting an actual service of parties, and that the orders entered on July 16, 1898, accomplished that purpose in this case, without regard to the effect of the attempted service of July 18th, which appears to have given actual notice of the proceedings and orders

to the interested parties, and probably induced the counter proceedings in the state court. This view is clearly sustained by the ruling of the presiding chief justice in Shoemaker v. French, Chase, 267, Fed. Cas. No. 12,800, and is within the general doctrine stated in Wiswall v. Sampson, 14 How. 52; Adams v. Trust Co., 30 U. S. App. 204, 15 C. C. A. 1, and 66 Fed. 617; Union Trust Co. v. Rockford, R. I. & St. L. R. Co., 6 Biss. 197, Fed. Cas. No. 14,401; President, etc., of Atlas Bank v. President, etc., of Nahant Bank, 23 Pick. 480.

"This bill, as filed, states a case for receivership as a necessary incident to the foreclosure, that the franchises and property are imperiled in the hands of the mortgagee, and that it is essential to the complainant's relief to preserve the rents and profits as well as the mortgaged property; and to that end there must be possession by the court of the res. The injunction and order to show cause were issued for that object, and on the return day, July 25, 1898, the order was entered appointing the receiver, without any knowledge on the part either of the court or of counsel for complainant of the proceedings taken on the same day in the circuit court for Outagamie county. Whether the notice conveyed by the service of subpoena and order on Mr. Hawes July 18th may be regarded as sufficient notice is immaterial upon this hearing, if jurisdiction existed to make the appointment. Whether the circuit court of Outagamie county was imposed upon in making its appointment of a receiver on the same day, through collusive proceedings or otherwise, and what may be the standing of the parties before that court, is a question exclusively within its province. The two proceedings are independent in their nature and object, and may well be carried to final determination in each co-ordinate court without occasion for conflict in any regard. If, in any feature, seeming conflict should impend respecting custody of the res, either court will readily solve the difficulty, in accordance with the well-established rule applied in Northwestern Iron Co. v. Land & River Imp. Co., 92 Wis. 487, 492, 66 N. W. 515, and clearly set forth in Heidritter v. Oil-Cloth Co., 112 U. S. 294, 305, 5 Sup. Ct. 135, and in Bank v. Stevens, 169 U. S. 432, 459, 18 Sup. Ct. 403, and the cases reviewed.

"There is, however, no question of actual conflict presented here, either in the causes of action, or as to possession of the res. The receiver of the state court is vested with, and presumably in possession of, all the stock, stock subscriptions, and other matters of the debtor corporation, aside from the mortgaged plant and franchises; and as to the latter it is conceded that such receiver is neither in possession, nor can have immediate possession, in virtue of the order of the court or otherwise, except through an action of ejectment, or other separate proceeding, against the third parties alleged by these defendants to be in adverse possession. On the other hand, if the amended and supplemental bill of the complainant in this court is maintained, the right of possession thereunder is direct, and immediately effective. In this view, the constructive possession which arises in certain cases out of the order appointing the receiver is not immediately operative, under the proceedings in the state court, but would clearly follow an order entered in the pending action. Adams v. Trust Co., 30 U. S. App. 204, 15 C. C. A. 1, and 66 Fed. 617. Whatever may be the ultimate rights of the respective parties in the res is reserved for final adjudication by the order of the circuit court for Outagamie county, granting leave to the complainant here to make the receiver of that court party to this action,—a recognition of the status of the parties and an exercise of comity on the part of the court which place at rest any possible conflict arising out of the proceedings of parties.

"On behalf of the defendants brought in under the amended and supplemental bill, it is further insisted that there should be no extension of the receivership, for two reasons: (1) That the bill, as now presented, seeks the trial of an adverse title and possession in the foreclosure action, and is multifarious; and (2) that possession of the property is in the defendant New England Waterworks Company, under an adverse claim of title, and should not be disturbed or prejudiced before final hearing.

"1. It is well settled, both upon principle and authority, that paramount title adverse to the mortgagor cannot be tried in an action to foreclose the mortgage, although in Hefner v. Insurance Co., 123 U. S. 747, 754, 8 Sup. Ct. 337, there is strong countenance for so adjudicating upon a tax title which 'was subsequent in time, although paramount in right, to the title acquired under

93 F.—19

the mortgage' in suit. But here the allegations and undisputed showing of purported adverse title rest upon tax titles for defaults in the payment of taxes which arose when the defendant Venner was president and financial manager of the mortgagor company, or of the predecessor company, as to the earlier certificate, where the relations of the parties will be regarded of like import in equity, undisturbed by the reorganization; that the tax certificates were bought in by Mr. Venner, or came into his hands under such relation, and tax titles were taken to the New England Waterworks Company, of which Mr. Venner was the organizer, and was president during all the times referred to. As president of the mortgagor company, then apparently insolvent, he received and held the tax certificates as trustee for the mortgagee and creditors, or, if not as a technical trustee, at least in a fiduciary relation. Manufacturing Co. v. Hutchinson, 24 U. S. App. 145, 11 C. C. A. 320, and 63 Fed. 496. And no title adverse to the mortgagee can be created through such source, but the transaction must be regarded as a payment of the tax. Avery v. Judd, 21 Wis. 262; Stears v. Hollenbeck, 38 Iowa, 550, and cases cited. From such fiduciary relation alone inquiry would be open in this action to determine the character of the title, and surely the further allegations of collusion by which the newly-organized company obtained possession from the mortgagor company, as foundation for its tax titles, furnish ample support for the bill in this aspect. Whether inquiry is open as to invalidity of the tax titles in other respects, as alleged, may be left for determination at final hearing. If the allegations previously referred to are sustained, both possession and title are under the mortgagor, and subordinate to the mortgage lien, and therefore subject to adjudication in this action. Mendenhall v. Hall, 134 U. S. 559, 568, 10 Sup. Ct. 616; Trust Co. v. McKenzie (Minn.) 66 N. W. 976.

"2. With the second branch of the objection I have found the greatest difficulty; involving, as it does, the serious question of a just exercise of the discretion reposed in courts of equity. The answering affidavits, especially that of the defendant Venner, furnish strong corroboration for the material allegations of the amended and supplemental bill respecting the relationship of both title and possession. The New England Waterworks Company has entire possession of this valuable plant, with the issues and profits, for its purported and comparatively insignificant investment of the amount of the tax certificates. The mortgagee is entitled to protection against such schemes and schemers as appear disclosed in the transactions set forth in this record, and to secure the integrity of the property, as well as benefit of the rents and profits, I am satisfied that judicial custody is the sole assurance; thereby protecting all the interests involved, including those of the mortgagee, American Loan & Trust Co., holding under mortgage made by the New England Company, for means claimed to have entered into improvements made by it. The presumptive right of the mortgagee to rents and profits after default can be obtained only through possession, actual or constructive. Sage v. Railroad Co., 125 U. S. 361, 8 Sup. Ct. 887. This can be preserved by the receivership, but not otherwise. I am therefore of opinion that a case is clearly made for the appointment of a receiver to take such property into the custody of the court; and an order will be entered accordingly, with the amount of bond to be fixed therein."

The order of the circuit court is affirmed.