In re SCHLOERB et al.

(District Court, E. D. Wisconsin. October 26, 1899.)

BANKRUPTCY—CUSTODY OF BANKRUPT'S PROPERTY—CONFLICT OF JURISDICTION.

    When an adjudication is made upon a voluntary petition in bankruptcy, personal property which is then in the possession of the bankrupt, and which he lists in his schedule as assets of his estate, comes within the jurisdiction and into the custody of the court of bankruptcy, although a

trustee has not yet been appointed; and it cannot rightfully be seized by an officer acting under a writ of replevin from a state court. If it is so taken, the officer will be forbidden, by injunction, to sell or otherwise dispose of the property under his writ, and will be ordered to restore it to the custody of the court of bankruptcy.

## In Bankruptcy.

On September 13, 1899, Schloerb & Schickedantz were adjudicated bankrupts on their voluntary petition, and the case was referred to a referee in bankruptcy, who ordered that a certain store containing a stock of goods in the possession of the bankrupts, and which they listed in their schedule as assets of their estate, should be closed. Thereafter, but before the day fixed for the first meeting of creditors and the election of a trustee, the sheriff of the county, acting under a writ of replevin from a state court, sued out by P. Cogan & Son, claiming the goods in question as their property, entered the said store, and seized the goods in the execution of his writ. The case now comes before the court on an order to show cause why the sheriff and the claimants should not be restrained from removing the property, and from selling or otherwise disposing of it.

Hume, Oellerich & Jackson, for bankrupts.
Thompson, Harshaw & Thompson, for creditors.

SEAMAN, District Judge. The inquiry on this order to show cause is within narrow compass. It depends neither on the ultimate question of fact as to the ownership of the goods, nor on the question whether power is vested in the court of bankruptcy to bring in adverse claimants, and determine their rights in respect of property not in the hands of the court, but adjudged to belong to the estate of the bankrupts. Both of these questions, which are elaborately discussed in the arguments of counsel, are left out of consideration for the single inquiry of jurisdiction of the res. If the property claimed in the replevin process was within the custody of this court when the seizure was made by the sheriff, the decisions are uniform and controlling that it was not subject to interference through process issued out of any other court of co-ordinate jurisdiction. Taylor v. Carryl, 20 How. 583; Freeman v. Howe, 24 How. 450; Buck v. Colbath, 3 Wall. 334; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355; Appleton Waterworks Co. v. Central Trust Co. of New York, 35 C. C. A. 302, 93 Fed. 286. The voluntary petition of the bankrupts was filed in this court. An adjudication of bankruptcy was entered thereupon, and the matter referred to the referee; all on September 13, 1899, at the session of the court at Oshkosh. The referee took cognizance the same day, ordered the meeting of creditors for September 25, 1899, to appoint a trustee, and directed that the store containing the stock of goods scheduled by the bankrupts be closed; and it remained and was so closed when the sheriff made forcible entry under the replevin process on September 21, 1899, pending the appointment of a trustee. On this state of facts I am of opinion that this court obtained complete jurisdiction over the property in the possession of the bankrupts, and scheduled as owned by them, from the date of adjudication on September 13th, if not from the filing of the petition, and that the property taken by the sheriff was, therefore, in custodia legis, and not subject to seizure on the replevin process. The purpose and

scope of the bankruptcy act clearly intends such exercise of jurisdiction over the res, which is not dependent upon the taking possession by a trustee or other officer of the court, but upon the fact of an adjudication or other order by which the court takes cognizance of the matters and property involved. See Appleton Waterworks Co. v. Central Trust Co. of New York, 35 C. C. A. 302, 93 Fed. 286. In this view neither the provisions of the act which are cited by counsel as retaining jurisdiction in the state courts over certain controversies, nor the authorities relating to summary proceedings in the bankruptcy court, are applicable here. The case of Donaldson v. Farwell, 93 U. S. 631, does not appear to touch the question involved here, as the goods were taken by the vendor before adjudication of bankruptcy, and the action was brought by the assignee subsequently appointed to recover their value; and it has no inferential value, as argued by counsel, in the fact that the action appears to have been maintained in the circuit court instead of the district court, for the reason that the statute gave concurrent jurisdiction in such controversy. Section 4978, Rev. St. By the adjudication the court of bankruptcy accepted the estate of the bankrupt for administration under the act. The property surrendered by the bankrupt was thus taken into its custody, and "it was impossible for that court to perform its duty in respect of the property surrendered if its possession was disturbed." Tua v. Carriere, 117 U. S. 201, 208, 6 Sup. Ct. 565. When so taken, its jurisdiction over the property became exclusive, and all controversies respecting the title or other rights therein must be determined either in the bankruptcy matter or in ancillary proceedings in the district or circuit court, as the case may arise. Krippendorf v. Hyde, 110 U. S. 276, 281, 4 Sup. Ct. 27. The "res is as much withdrawn from the judicial power of another court as if it had been carried physically into a different territorial sovereignty." Covell v. Heyman, 111 U. S. 176, 182, 4 Sup. Ct. 355. The rights of the claimants, P. Cogan & Son, to recover the goods, or their value, on proof of the facts alleged, and in a proper proceeding, is undoubted; but there can be no sanction for its taking on replevin process issued out of another jurisdiction. Section 720, Rev. St., recognizes the authority of the bankruptcy court to enjoin such interference. Let the injunction be allowed restraining sale or disposition of the property, and requiring its return to the custody of this court within a time to be fixed.