McDOWELL et al. v. McCORMICK.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1902.)

No. 868.

1. APPEAL—FINDINGS—REVIEW.

A general finding is conclusive on all issues of fact raised by the pleadings, and the evidence is not reviewable to ascertain whether it supports the finding.

2. SHERIFFS—WRONGFUL REPLEVIN—LIABILITY—BONA FIDE POSSESSION.

In an action against a sheriff for wrongfully seizing plaintiff's property under a writ of replevin against third parties, where plaintiff's possession of the property was merely colorable, and not bona fide, the rule which authorizes recovery, on the strength of possession alone, against a trespasser disturbing it without right in himself, does not apply.

**8. INSOLVENT CORPORATIONS—RECEIVERS—APPOINTMENT—CONCURRENT JURIS-
DICTION.**

In an action by a creditor against an insolvent corporation, a court of
general jurisdiction entered an order restraining defendant from dis-
posing of its property, and four days later appointed a receiver of the
corporation. Subsequently, on the application of another creditor, an-
other court of co-ordinate general jurisdiction also appointed a receiver,
who thereupon took possession of defendant's property, excluding the first
appointee. *Held,* that the first-named court, by the proceedings therein
commenced, acquired complete and exclusive jurisdiction of the subject-
matter, with unquestionable right of possession through its receiver,
irrespective of any actual seizure of the property or of violation of the
restraining order, and the record of such proceedings was admissible in
evidence to prove title to the property as against title asserted under
the second appointee.

## In Error to the Circuit Court of the United States for the District of Indiana.

The plaintiffs in error, citizens of the state of Illinois (hereinafter mentioned
as plaintiffs), sued the defendant in error, who was sheriff of La Porte county,
state of Indiana (hereinafter mentioned as defendant), in the court below, in
trespass, to recover damages for machinery and other personal property, of
the alleged value of about $10,000, seized and sold by the defendant. The
issues were heard by the court on waiver of trial by a jury, resulting in a
general finding "for the defendant," and judgment accordingly.

The complaint alleges that the plaintiffs were the owners and in possession
of the property described on December 2, 1897, and that it was then wrong-
fully taken and converted by the defendant, under a writ of replevin in his
hands, as sheriff, issued out of the circuit court of La Porte county November
20, 1897, in a replevin action therein brought by one Nichols, as receiver of
the Allen Manufacturing Company, a corporation, against one Schwager and
other defendants named; the plaintiffs herein not being parties to such action,
or named in the writ.

The answer of the defendant consists of a general denial and several addi-
tional paragraphs, setting up by way of defense substantially these facts:
On and prior to October 11, 1897, the Allen Manufacturing Company, a cor-
poration of Indiana, owned the machinery and other property in suit, located
in the State Prison at Michigan City, La Porte county, Ind., operating there-
with as a manufacturing plant, and employing convict labor. The Hartford
Rubber Works, a contract creditor of the Allen Manufacturing Company,
commenced an action against the latter corporation, in the nature of a cred-
itors' bill, as authorized by the statutes of Indiana, on allegations of indebted-
ness and insolvency of the corporation. Complaint therein was filed in the
circuit court for La Porte county October 11, 1897. An injunction and the
appointment of a receiver were sought, and the court made a temporary order
on the same day restraining disposition of the property pending the hearing
of application for further order to be noticed for October 15, 1897. Both
summons in the action and notice of such application were personally served
on the defendant corporation October 11, 1897. On October 15, 1897, the court
heard the application and continued the restraining order, and at the same
time entered an order appointing Alonzo S. Nichols receiver of the defendant
corporation, as "an emergency requirement." The receiver immediately qual-
ified and demanded possession, but Schwager (alleged receiver, hereinafter
mentioned) and the other defendants named in the replevin writ interposed
after the defendant corporation was so served with process and notice, and
prevented both access to the property and possession by the receiver, Nichols.
Thereupon the court authorized the receiver to sue such parties for possession,
and on November 20, 1897, the receiver filed in the same court the complaint
and affidavit for replevin against Schwager and the other parties withholding
the property. The summons and writ of replevin were issued and delivered
to the defendant sheriff November 23, 1897, and personally served upon each
of the defendants therein the same day. The sheriff at the same time de-

manded the property, and the defendants in the writ refused to deliver, and prevented the sheriff from access or possession. It is further alleged that Schwager and the other replevin defendants retained possession and concealed the property until December 2, 1897, when they placed it on cars at Michigan City for shipment to the plaintiffs in the present suit; that it was then seized by the defendant sheriff under the replevin writ while in the possession of the replevin defendants; that any claim thereto by the plaintiffs in the present action arises out of a pretended transfer by Schwager to them after the service of the writ on November 23, 1897, and "with full notice and knowledge of all of the proceedings" above recited, the plaintiff confederating therein with Schwager for the purpose of preventing the sheriff "from getting possession of said property" under the writ of replevin; that before the defendant sheriff had completed his seizure the plaintiffs herein informed him that they "rescinded the pretended sale and purchase of said property," and they immediately served written notice to that effect upon the replevin defendants, and as well upon the defendant sheriff; that, relying upon such notice and representations, the defendant sheriff proceeded in and completed his levy, and subsequently turned the property over to the plaintiff in the writ, "with the full knowledge of the plaintiffs herein, and without objection on their part," and "thereby placed the same beyond his power to return or deliver" to them; and that the plaintiffs are estopped from reclaiming the property or making any demand therefor. Other proceedings are alleged, but they are merely cumulative, if material.

The plaintiffs, for reply to these defenses, allege title through Schwager, as receiver appointed by the La Porte superior court (a court of co-ordinate jurisdiction with the circuit court of La Porte county), on October 14, 1897, in an action brought by Union Drop Forge Company against the Allen Manufacturing Company; allege that the receiver qualified the same day, and entered into possession of the property in suit, and so remained until November 24, 1897; that he then sold the property, under an order of the superior court, to the plaintiffs in this action, who purchased the same at auction in good faith, and for a valuable consideration, "and without any notice or knowledge whatsoever of the pendency of the" action of the Hartford Rubber Works Company; that the plaintiffs endeavored to rescind the sale, under the advice of Chicago counsel, but rescission was not allowed, and they demanded the property from the defendant. Other matter is stated which has no relevancy to the issue.

The bill of exceptions does not purport to contain all the evidence, but contains all on which error is assigned. It also states that evidence offered by the plaintiffs tends to show that "said plaintiffs had actual notice and knowledge of the institution and pendency of" the replevin suit, "and endeavored to move said property out of the state, and thus defeat the execution of said writ by the defendant"; that "the evidence tended to show that the suit brought in said superior court was instituted in bad faith, for the purpose of defeating the suit previously begun in the La Porte circuit court"; and that the complaint in the superior court suit was filed October 13, 1897.

The errors assigned are for the admission of testimony (over objection and refusal to strike out) offered on the part of the defendant, and the sole reliance for reversal is the admission of the record of proceedings in the prior case commenced in the state circuit court by the Hartford Rubber Works Company against Allen Manufacturing Company.

Linton Cox, for plaintiffs in error.

George H. Peaks and John R. Wilson, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge (after stating the facts as above). The general finding for the defendant is conclusive upon all issues of fact raised by the pleadings, and the evidence is not reviewable to ascertain whether it supports the finding. Error in the admission or re-

jection of testimony is alone subject to review. Martinton v. Fairbanks, 112 U. S. 670, 673, 5 Sup. Ct. 321, 28 L. Ed. 862, and cases cited, 10 Rose, Notes U. S. Reports, 936; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 127, 22 Sup. Ct. 55, 46 L. Ed. 113; Distilling & Cattle Feeding Co. v. Gottschalk Co., 24 U. S. App. 638, 639, 13 C. C. A. 618, 66 Fed. 609. The plaintiffs in error recognized this rule in the assignment of errors, but not in the questions raised upon the argument. Thus the primary contention for reversal assumes that the pleadings raise no issue upon the possession of the property by the plaintiffs when it was taken by the defendant under the writ of replevin; and, so assuming that the possession of the plaintiffs was unquestioned, the rule is invoked which authorizes recovery on the strength of possession alone against a trespasser "who disturbs it without right in himself." Cooley on Torts, 436. Were this assumption well founded, the objections to evidence of title in the replevin plaintiff, on which error is assigned, would doubtless present the question whether the defendant was a mere trespasser, within the rule stated, in so taking the property specified in the writ from the custody of a stranger to the suit—a question on which the decisions are not entirely harmonious, the solution depending in a measure upon the various provisions for the writ. Vide Billings v. Thomas, 114 Mass. 570, 574; Bullis v. Montgomery, 50 N. Y. 352, 356; Sexton v. McDowd, 38 Mich. 148, 150, 152; State v. Jennings, 14 Ohio St. 73, 78. The contention is not tenable, however, in the case at bar, for the reason that the answer not only denies the alleged possession by the plaintiffs, but states affirmatively that the defendants in the writ were in possession of the property when it was seized, and were engaged in its removal for the purpose of placing it beyond the reach of the writ of replevin, and that the plaintiff herein was acting only in collusion with them, under a pretended sale, without bona fide possession, actual or constructive. While the findings foreclose any question of actual possession, it is sufficient, under all the authorities, that any participation or custody on the part of the plaintiffs was merely colorable, and not bona fide; and both findings and bill of exceptions are conclusive thereupon.

The question remains whether the record of the proceedings in the circuit court of La Porte county, wherein Nichols was appointed receiver of the alleged insolvent corporation, is admissible in evidence to prove title to the property involved, as against title asserted under the receiver appointed by the La Porte superior court—a court having general jurisdiction co-ordinate with such circuit court. The action in each case was against the Allen Manufacturing Company, alleged to be an insolvent corporation, and involved the same subject-matter. The relief sought was the appointment of a receiver and administration of the property of the defendant corporation—a proceeding in the nature of a creditors' bill, expressly authorized by statute in Indiana, and having effect to hold the property "in custodia legis, whether the court had actually seized it or not." Wild v. Noblesville Building Loan Fund & Savings Ass'n, 53 N. E. 944, 945, 153 Ind. 5. In the first-mentioned suit in the circuit court, the com-

plaint of the Hartford Rubber Works Company, a creditor, was filed October 11, 1897; and the court entered an order the same day for the hearing on October 15, 1897, of an application for a restraining order against the defendant, and restraining disposition of property meantime, and for notice thereof to be served on the defendant. Both summons and notice were personally served on the defendant October 12th. On October 15th the restraining order was continued in force—the defendant appearing to object to such order—and at the same time, in the same order, the court appointed one Nichols receiver of the corporation, the receiver promptly qualifying. The action of the La Porte superior court was instituted October 13, 1897, in the name of the Union Drop Forge Company, another creditor, by the filing of a complaint and service of a summons. On the same day the defendant corporation appeared before that court, and one Schwager was thereupon appointed receiver. Forthwith the corporation surrendered to this appointee possession of its property, which consisted of the manufacturing plant and material in the State Prison; and Schwager, aided by other persons, excluded the receiver of the circuit court, when appointed, October 15th, from possession of or access to the property.

Upon the facts thus appearing, the authorities which control the present controversy uniformly establish the doctrine that the proceedings so commenced in the circuit court of La Porte county gave to that court complete and exclusive jurisdiction of the subject-matter —the res in controversy—with unquestionable right of possession through its receiver. These citations for the proposition are sufficient and conclusive: Peck v. Jenness, 7 How. 612, 624, 12 L. Ed. 841, and subsequent cases noted in 4 Rose Notes U. S. Reports, 725; Farmers' Loan & Trust Company v. Lake Street Elevated R. Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667; Appleton Waterworks Co. v. Central Trust Co., 35 C. C. A. 302, 93 Fed. 286, 288; Taylor v. City of Ft. Wayne, 47 Ind. 274, 282; Wild v. Noblesville, etc., Ass'n, supra. The nature of the action established the custodia legis in the court wherein the proceedings were first instituted; and this irrespective of any actual seizure of the property, or of violation of the restraining order entered in the primary suit. Jurisdiction of the res became paramount in the circuit court through prior service of its process, if not from the filing of the complaint and entry of the preliminary restraining order. As said in Taylor v. City of Ft. Wayne, supra:

"It is a clear principle of jurisprudence that, when there exist two tribunals possessing concurrent and complete jurisdiction of the subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted."

Other courts having no supervisory powers are thereby excluded from exercising jurisdiction until the duty of the prior court "is fully performed and the jurisdiction involved is exhausted." Harkrader v. Wadley, 172 U. S. 148, 164, 19 Sup. Ct. 119, 125, 43 L. Ed. 399. The rule of decision in Indiana which governs the state courts conforms to that of the federal jurisdiction. It is adopted as a "principle of jurisprudence" whereby "the jurisdiction becomes exclusive in the

one before which proceedings are first instituted." Taylor v. City of Ft. Wayne, supra. So defined, it is not a mere rule of comity, but one of necessity, which "leaves nothing to discretion or mere convenience." Covell v. Heyman, 111 U. S. 176, 182, 4 Sup. Ct. 355, 28 L. Ed. 390.

When the complaint on behalf of another creditor was filed in the La Porte superior court, and summons was served and appearance entered, that court was without present jurisdiction of the subject-matter, "for the property could not be subject to two jurisdictions at the same time." Id., 111 U. S. 182, 4 Sup. Ct. 358, 28 L. Ed. 390. Possession of the property obtained by its receiver was, of course, nugatory, as were any orders for the sale thereof. The question of jurisdiction was clearly open to inquiry in the litigation of title there-under (Cooper v. Newell, 173 U. S. 555, 567, 19 Sup. Ct. 506, 43 L. Ed. 808), and the effect of the statement in the bill of exceptions that "the evidence tended to show that the suit brought in said superior court was instituted in bad faith" requires no consideration. The interference with the custodia legis of the circuit court violated these canons of the law, and conferred neither possession nor title which can be recognized or enforced in the case at bar.

We find no error in the rulings of the court below, and the judgment is affirmed.