## WOOD v. NATIONAL CORPORATION.

### REBER v. MERCHANTS' WAREHOUSE CO.

(District Court, E. D. Pennsylvania. June Term, 1919.)

No. 1931.

1. **Receivers ⟨⟩72—Court can exercise summary powers only as to property within its possession.**

   A court appointing a receiver can exercise summary powers against those not parties to the action only with respect to property which comes into its possession, either actual or constructive, and as to other rights and property its receiver must proceed by plenary process, subject to restrictions governing other litigants.

2. **Receivers ⟨⟩67—Receiver of consignee has possession of goods stored in warehouse.**

   Goods consigned to the corporation for which a receiver was appointed, and stored in a warehouse, are in the possession of the receiver, and the court appointing him can protect such possession by summary proceedings against the warehouseman, though it could have, under the statute, no jurisdiction of an action by the receiver against the warehouseman.

3. **Courts ⟨⟩347—Separate rights of different individuals cannot be enforced in bill.**

   Though equity rule 26 (201 Fed. v, 118 C. C. A. v) permits independent causes of action to be joined in one bill of complaint, different persons, having separate and different claims aganst one defendant, cannot join in a bill to enforce them.

4. **Receivers ⟨⟩72—Ancillary bill by receiver held not to seek enforcement of rights of individuals.**

   An ancillary bill of complaint by a receiver, which alleged that all the title to the goods claimed had vested in the receiver, is not objectionable as seeking to enforce the rights of separate individuals, though prior statements of the bill as to the history of the goods suggested an interest by another therein.

In Equity. Suit by Lyndon D. Wood against the National Corporation. On motion by the Merchants' Warehouse Company to dismiss ancillary bill filed against it by J. Howard Reber as receiver. Motion denied.

See, also, 263 Fed. 250.

Reber & Granger, of Philadelphia, Pa., for receiver.

M. Hampton Todd, of Philadelphia, Pa., for Merchants' Warehouse Co.

DICKINSON, District Judge. It is unnecessary to follow the analysis of the solicitor for the defendant of the grounds upon which this motion is based, for the reason that the plaintiff concedes that the bill should be dismissed unless the proposition of law upon which he relies is sound. The proposition, stated most broadly, is that,

when a court of equity has taken under its care the assets and affairs of the defendant in a receivership bill, it may, through the medium of an ancillary bill, take jurisdiction to determine anything which pertains to or affects in any way the assets which are thus to be conserved.

The jurisdiction which the court of equity has acquired through and by the filing of a receivership bill is so broad and sweeping in its character that it is unaffected by the ordinary rules which differentiate equitable and legal remedies, and is unaffected also by the limitations of the jurisdiction of the court imposed by statute. As a concrete illustration of the extent to which the principle contended for goes, it is asserted that, if there be among the assets of the receivership estate a promissory note belonging to the defendant in the original bill, title to which has passed to the receiver, payment of the note may be enforced by the filing of an ancillary bill, notwithstanding the clear and adequate remedy which an action at law would afford, and notwithstanding, also, that except for the filing of the receivership bill a court of the United States would be without jurisdiction to entertain any action or proceeding for the collection of the note.

[1] The proposition advanced was pressed at the argument at bar to these broad limits. We cannot concur in this broad view. Wherever a court of equity has taken into its custody property under any lawful proceedings, its power and duty by summary process to prevent the interference of any one with property thus in the custody of the court is clear enough. The real question is to what extent and within what limits it may subject third persons, not parties to the proceedings before it, to summary process, and to what extent and within what limits there is preserved to such third persons the protection of those laws which could otherwise be invoked for the purposes of protection.

The distinction attempted to be made is, by analogy, the distinction made between cases and instances in which resort may be had in bankruptcy proceedings to summary process, and when resort must be had to plenary process. The real dividing line is supplied by an answer to the question of possession. If the possession be in the court, there can be no doubt of the power of the court to protect that possession. When there is no possession, however, but merely a claim of right, which belonged to the defendant in the receivership proceedings, to be enforced, the general principle holds good that the receiver has merely succeeded to all the rights of the defendant, including, of course, the right to enforce by appropriate proceedings any claim which such defendant may have against any one. Whether the rights of the person against whom the claim is made have been to any extent affected by the receivership proceedings depends, among other things, upon what his claims of right are. If it is a claim of possession, then the inquiry is whether there is any justification for his claim of right, or whether it is a mere pretense or simply colorable. If it is the latter, the receiver, whose duty it is to take possession, will be given the aid of the court in securing such possession by speedy

summary process. If, however, the person against whom the receiver is asserting title is setting up a real claim of right, the court will not deal with such person in a summary way, but will require the receiver to assert his claims of right by plenary process.

This carries with it the further thought that, when resort must be had to plenary process, the right of action is subject to all the regulations and restrictions to which it would be subject, if asserted by any other litigant. The possession, which is the determining fact, need not be the physical possession, but may be what is sometimes called "constructive possession." When the property, however, is not in the possession of the court, but of a third party, who makes claim thereto of such a character as that he has a right to have the merits of his claim judicially determined, his rights remain unaffected by the receivership proceedings, and all the rules of law pertaining to remedies, the jurisdiction of courts, and otherwise continue in full force and must be followed. In other words, the law is that, when any property is really in the custody of the court, no one will be permitted to interfere with such custody, and the power of the court to assert full control over it may be invoked through an ancillary bill, regardless of the ordinary remedies open to litigants generally, and of any limitation of jurisdiction of the same court to entertain suits between ordinary litigants. This we understand to be the principle upon which counsel for plaintiff rely.

When the question of the protection of property, thus in the custody of the court, is not involved, any cause of action, which the defendant in the receivership bill may have had, to which the receiver has succeeded, must be asserted as it would be required to be asserted by any other litigant. The principle referred to is illustrated by a number of cases, among which are McDowell v. McCormick, 121 Fed. 61, 57 C. C. A. 401; Wabash v. Adelbert, 208 U. S. at page 54, 28 Sup. Ct. 182, 52 L. Ed. 379; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; Pope v. Louisville, 173 U. S. 573, 19 Sup. Ct. 500, 43 L. Ed. 814.

[2] This takes us into an inquiry into the facts averred in this bill. They are in effect that the National Corporation bought a quantity of crockeryware, which was shipped, one lot to the National Company, and one lot to the Bartram Hotel Company, as consignees. Both shipments were stored in the warehouse of the defendant. The possession of the carrier was the possession of the consignee, and the succeeding possession of the warehouseman, whether it was a mere continuance of the possession of the carrier or not, was likewise the possession of the consignee. Upon the appointment of the receiver, the possession, which had been in the consignee, passed to the court, and the property was thereafter in the custody of the law, and protected by all the power of the court.

Assuming, for illustration, what may be the real fact situation, that the consignee had not paid for the shipment, the consignor might have asserted the right of stoppage in transitu, and have taken the property out of the possession of the consignee. No court, however,

would permit property to be taken out of its hands, and, if taken, would compel its restoration, or, as a substitute, the payment of its value. If the consignor claimed the right to stop the goods in transit, the only lawful way of asserting such right was by obtaining the previous leave of the court to its assertion.

Any attempt to take property from the custody of the court is to provoke a test of strength in which the court will exert all its powers, although it will withhold the application of force by it until after an inquiry into the facts. An appropriate way in which to do this is by an ancillary bill. This is the method adopted in the instant case.

[3] The conclusion thus reached disposes of all the grounds upon which the motion to dismiss is urged, except that which is designated as "multifariousness." This expression carries the thought of a multiplicity of independent causes of action, lumped in one bill of complaint. Equity rule 26 (201 Fed. v, 118 C. C. A. v) now permits this. The expression is, however, not here used in that sense, but in the sense of two persons, each having a separate and independent claim against one defendant, seeking to assert both claims in one action. It is clear that this cannot be done, either by making both claimants parties to the action, or by having one of the claimants bring such action alone, in the attempt to recover for both.

[4] As counsel for defendant reads this bill, it is open to this criticism, and there are expressions scattered throughout it which suggest this reading. The final averment, however, in paragraph 17, is that title to all the crockery in storage with defendant is in the receiver of the National Company. The references to the receiver of the Bartram Hotel Company may be read as merely part of the story that the crockery was bought by the National Company for use in its conduct of the business of the Hotel Company, and that one lot of the crockery was consigned to the Hotel Company merely for the convenience of the National Company, which still continued to be the owner.

The motion to dismiss is denied.